UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, MELISSA MAYS, AMERICAN
CIVIL LIBERTIES UNION OF MICHIGAN,
and NATURAL RESOURCES DEFENSE
COUNCIL, INC.,

        Plaintiffs,

v.

        Case Number 16-10277
        Honorable David M. Lawson

NICK A. KHOURI, FREDERICK HEADEN,
MICHAEL A. TOWNSEND, DAVID
MCGHEE, MICHAEL A. FINNEY,
BEVERLY WALKER-GRIFFEA, NATASHA
HENDERSON, and CITY OF FLINT,

        Defendants.
_____/

## ORDER ALLOWING PRELIMINARY DISCOVERY

The plaintiffs filed the present action on January 27, 2016 seeking relief under the Safe Drinking Water Act, 42 U.S.C. §§ 300f, *et seq.*, from contamination of water supplied by the Flint Water System. The Court held a hearing on the defendants' motions to dismiss on May 13, 2016, and adjourned without date a hearing on the plaintiffs' motion for a preliminary injunction. After the motion hearing, the Court held a status conference conducted at the request of the parties to discuss preliminary discovery related to the preliminary injunction motion. The Court requested the parties to submit letters outlining their respective discovery requests, which have been received.

The plaintiffs seek depositions of the following four witnesses: Captain Chris A. Kelenski, Deputy State Director of the Michigan State Police; Michael Glasgow, City of Flint Utilities Administrator; Rodney S. Branch, Chief of Staff to City of Flint Mayor Karen Weaver; and Jody Lundquist, Chief Financial Officer for the City of Flint. These witnesses all submitted declarations

and an affidavit in support of the various defendants' responses to the motion for a preliminary injunction. The plaintiffs also seek the production of the documents that each witness relied on or reviewed in preparing his or her declaration or affidavit, and any additional documents reviewed in preparation for the depositions, to be produced at the time of the relevant deposition.

The state defendants ask to depose any of the witnesses that the plaintiffs intend to call during the preliminary injunction motion hearing, and also the two experts who submitted declarations in support of the plaintiffs' motion: Daniel E. Giammar, Ph.D., P.E. and Bruce P. Lanphear, M.D. The city defendants would like to depose all of the individuals that the plaintiffs intend to depose prior to the motion for a preliminary injunction hearing. However, all defendants request that no depositions be scheduled by any party until the Court rules on the pending motions to dismiss.

There is no suggestion in the record that the parties have conducted a conference to establish a discovery plan under Federal Rule of Civil Procedure 26(f). Normally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless "authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). The Court has discretion to allow discovery before a case management conference and prior to a Rule 26(f) conference if it believes that the discovery will advance the case toward resolution and address critical issues. The plaintiffs have identified important concerns in their motion for a preliminary injunction, and the Court believes that the discovery requested will aid in the determination of those matters.

The Court has not yet ruled on the motions to dismiss. Although a decision will issue on those motions in due course, the discovery related to the preliminary injunction motion should not be delayed for that reason.

The more contentious question among the parties stems from the defendants' insistence that any deposition taken be the only deposition that the deponents are required to give in this case. The plaintiffs prefer that all depositions taken to prepare for the preliminary injunction motion be limited in scope to the issues set forth in each witness's declaration or affidavit. And the plaintiffs ask that the depositions not count towards the limit set forth in Federal Rule of Civil Procedure 30 because the depositions are related to the application for preliminary relief and relate solely to the feasibility and necessity of that relief.

Depositions ordinarily are noticed and taken without the involvement of the Court. However the civil rules impose certain limitations, here the most pertinent of which is that "[a] party must obtain leave of court," absent stipulation, to take a deposition if "the deponent has already been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(A)(ii). When such a request is made, the Court "must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A). Rule 26(b)(2) requires the Court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if a party already "had ample opportunity to obtain the information by discovery in the action," or if the discovery exceeds the "scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). And the recent amendments to the civil discovery rules found in Rule 216(b)(1) emphasize that discovery must be "proportional to the needs of the case," assessing proportionality by considering a number of enumerated factors. Fed. R. Civ. P. 26(b)(1). The Court has considerable discretion in determining the appropriate course of discovery and tailoring the scope to the needs of each individual case. *Marshall v. Belmont Cty. Bd. of Comm'rs*, No. 13-966, 2014 WL 4243775, at *1 (S.D. Ohio Aug. 26, 2014) (quoting *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, No.

2005-0889, 2007 WL 764302, at *2 (S.D. Ohio Mar. 9, 2007).  Second depositions may be allowed under appropriate circumstances.

The defendants have identified a justifiable concern over the potential for substantial inconvenience of the witnesses who might be subjected to multiple depositions over the Flint water crisis.  This is not the only lawsuit filed that deals with some aspect of this very large problem.  According to a motion to consolidate actions filed in *Mays v. Snyder*, 15-14002, pending before another judge in this district, there are currently 52 related actions pending in the Eastern District against three groups of defendants: the City of Flint defendants, the State of Michigan defendants, and the Water Consultant defendants.  The consolidation motion notes 6 putative class actions, 45 individual actions on behalf of Flint residents, and the case presently before this Court.  Although the plaintiffs in the present case object to consolidation of this action with the others (since this is the only case that raises Safe Drinking Water Act claims, among other reasons), the witnesses face the likely possibility that they could be subjected to multiple depositions.

However, it is impossible to say now whether any of these burdens will come to pass.  And the Court is reluctant to give advice on whether it will allow a second deposition of the defendants' witnesses, should that request be made.  If it is, the Court will assess the appropriate factors as they exist at that time.  For now, however, the Court will not say that second depositions will be allowed, and therefore the Court will not limit the scope of the depositions of the witnesses that the parties choose to take at this stage of the case.

Accordingly, it is **ORDERED** that the parties may engage in preliminary discovery to obtain

documents and depose the identified witnesses prior to their Rule 26(f) conference.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   May 31, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2016.

s/Susan Pinkowski<br>
SUSAN PINKOWSKI

---