UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, MELISSA MAYS, AMERICAN
CIVIL LIBERTIES UNION OF MICHIGAN,
and NATURAL RESOURCES DEFENSE
COUNCIL, INC.,

        Plaintiffs,

v.

        Case Number 16-10277
        Honorable David M. Lawson

NICK A. KHOURI, FREDERICK HEADEN,
MICHAEL A. TOWNSEND, JOEL
FERGUSON, MICHAEL A. FINNEY,
SYLVESTER JONES, and CITY OF FLINT,

        Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE**

The plaintiffs in this case filed the present lawsuit seeking, among other things, immediate and long-term remedial action to address lead contamination found in Flint's public water system. The plaintiffs and defendants, along with the State of Michigan and the Michigan Department of Environmental Quality, have agreed to resolve this case through a Settlement Agreement. They filed a stipulation, attached the Settlement Agreement as Exhibit 1 to that stipulation [dkt. #147-1, 147-2], and requested that the Court hold a hearing to review and approve the settlement. The Court held such a hearing in open court on March 28, 2017. The parties presented the terms of the Settlement Agreement and asked the Court to approve it. There were no objections placed on the record.

Based on the terms of the Settlement Agreement and the representations of the parties to it, the Court finds as follows:

A. The Court has subject matter jurisdiction over the case and jurisdiction to order the relief requested;

B. The Settlement Agreement is fair, adequate, reasonable, consistent with the public interest, and "further[s] the objectives" of the Safe Drinking Water Act, 42 U.S.C. §§ 300f, *et seq.*, and the regulations promulgated thereunder, including the Lead and Copper Rule, 40 C.F.R. §§ 141.80 *et seq.* *See Local No. 93, Int'l Ass'n of Firefighters, AFL CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986);

C. Based on the parties' stipulation, the Court has the authority to provide broader relief than the Court could have awarded after a trial under the law which forms the basis of the claim. *Ibid.*;

D. In the Settlement Agreement, the parties have requested the Court to retain jurisdiction to enforce it; and

E. By incorporating the Settlement Agreement in full into this order, the Court retains jurisdiction to enforce the Settlement Agreement according to its terms. *202 N. Monroe, LLC v. Sower*, --- F.3 ---, 2017 WL 782442, at *3 (6th Cir. Mar. 1, 2017).

Accordingly, it is **ORDERED** that the Settlement Agreement [dkt. #147-1, 147-2] is incorporated in full into this Order.

It is further **ORDERED** that the Settlement Agreement is **APPROVED**.

It is further **ORDERED** that the Court retains jurisdiction to enforce the Settlement Agreement.

It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE** as to all defendants.

It is further **ORDERED** that the motion and amended motion to vacate the preliminary injunction [dkt. #110, 111] and the emergency motion to enforce the preliminary injunction [dkt. #116] are **DISMISSED as moot**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated:   March 28, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2017.

                                                s/Susan Pinkowski
                                                SUSAN PINKOWSKI