# Exhibit A

Declaration of Adeline S. Rolnick

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, et al.,

        Case No. 16-10277

        Plaintiffs,

    v.                  Hon. David M. Lawson

NICK A. KHOURI, et al.,

        Defendants.

_____/

## DECLARATION OF ADELINE S. ROLNICK

I, Adeline S. Rolnick, declare as follows:

      1.     I am counsel for Plaintiffs Natural Resources Defense Council

(NRDC), Concerned Pastors for Social Action, and Melissa Mays in this action. I

am a member in good standing of the bars of the State of New York and the

District of Columbia. I am admitted to practice in the Eastern District of Michigan.

This declaration describes my observations from three meetings held with the City

of Flint and others; describes documents provided to Plaintiffs regarding the City's

restoration efforts; explains how I compiled a list in February 2022 of addresses at

which the City had outstanding outreach, excavation, and service line replacement

obligations; and describes the exhibits compiled in Plaintiffs' Appendix.

1

**Recent Meetings Between Plaintiffs, the City of Flint, and Others**

2.      On August 30, 2022, I attended and took contemporaneous notes at an in-person meeting in Flint, Michigan between Plaintiff representatives, representatives of the City of Flint (City) and State Parties, and their counsel. Jeff Markstrom of ROWE Professional Services (ROWE), the City's project management firm for its service line replacement program, attended the meeting. At this meeting, Sarah Tallman, NRDC, asked whether, when ROWE or other City contractors drive to a previously excavated address to determine whether restoration has already been completed at that address, the resident is notified of ROWE or the contractor's determination. Mr. Markstrom answered that the City does not communicate those determinations to residents.

3.      On October 11, 2022, I attended a meeting by videoconference attended by counsel for Plaintiffs, counsel for the City, and counsel for State Parties.

4.      On October 20, 2022, I attended by phone and took contemporaneous notes of a meeting between Plaintiff representatives, City representatives, and their counsel, as well as counsel for the Michigan Department of Energy, Great Lakes, and the Environment (EGLE). At that meeting, William Kim, City Attorney, City of Flint, stated that the City will not complete identifying the scope of remaining restoration work before the end of 2022. A ROWE employee named Tammy stated

2

that ROWE currently has a list of roughly 6,000 homes that ROWE plans to visually inspect to determine whether the properties at those homes have been previously restored. Tammy further stated that additional homes may be added to this list based on ROWE's ongoing review of the City's records.

5.     At the October 11 and October 20, 2022, meetings referred to in Paragraphs 3 and 4 above, the parties discussed remedies for the City's violations of the Agreement as described in Plaintiffs' October 4, 2022 Notice of Violation. *See* PA 140-45. The parties did not reach of resolution of these issues.

### Restoration Records Provided to Plaintiffs by the City of Flint

6.     As modified on August 24, 2020, the Settlement Agreement requires the City to provide Plaintiffs with a monthly updated list of all homes where restoration has been completed. *See* ECF No. 237 ¶ 7, PageID.10413. I have reviewed every monthly status report the City has sent to Plaintiffs by email since August 24, 2020, as well as all other correspondence from the City to Plaintiffs' counsel between that date and October 4, 2022. As a result of that review, I identified the communications described below in Paragraphs 7 through 11 in which the City shared restoration documentation with Plaintiffs. The remainder of the City's quarterly and monthly status reports for the months between September 2020 and the October 4, 2022 (14 total) and other written communications to

3

Plaintiffs did not include any different documentation related to completed restoration.

7.      On December 11, 2020, the City shared an Excel file via email titled "Phase 5 & 6 Restoration Complete.xlsx." *See* PA 77. This file lists the quantities and costs of certain restoration materials (such as asphalt, concrete, and "greenbelt") used at certain addresses. It does not list what type of restoration was required at the listed addresses or whether restoration was fully completed at the listed addresses.

8.      On January 8, 2021, the City shared Excel files with the following titles via email: "Oct 2016 – Leadline Replacement (Phase I).xlsx;" "Nov 2016 – Leadline Replacement (Phase I).xlsx;" "May 2017 – (Phase III) Leadline Restoration (Addt'l).xlsx;" "June 2017 – (Phase III) Leadline Restoration (Addt'l).xlsx;" "Sept 2016 – Leadline Replacement (Phase I).xlsx;" "April 2017 – (Phase 3) Restoration Costs.xlsx;" "Dec. 2016 – (Phase 3) Leadline Replacement Cost.xlsx." *See* PA 2-4. These files list the quantities and costs of certain restoration materials (such as asphalt, concrete, and "greenbelt") used at certain addresses. They do not list what type of restoration was required at the listed addresses or whether restoration was fully completed at the listed addresses.

9.      Also on January 8, 2021, the City shared via email a spreadsheet titled "SLR Restoration Completed 2016-2018.xlsx." *See* PA 2-4. Based on the title of

4

this spreadsheet, I understand it to be a list of homes where restoration was completed.

10.     On June 2, 2021, the City shared two files via email, titled "Phase 5 Restoration 4.15.21-5.14.21.pdf" and "Phase 6 Restoration 4.15.21-5.14.21.pdf" *See* PA 6.  These files contain lists of addresses, the number of square feet of an unidentified material associated with those addresses, and numbers and codes listed in columns with headings including "item identifier" and "%(J/G)." These files do not list what type of restoration was required or completed at the listed addresses, and do not contain an indication of whether restoration was fully completed at any of the listed addresses. Based on the titles of the files and my review of the entries in the spreadsheets, I understand that these files only contain information about events in the single month between April 15, 2021, and May 14, 2021.

11.     On July 14, 2021, the City shared via email a spreadsheet titled "Restoration Addresses as of 6-24-21.xlsx" *See* PA 8. Based on the title of this spreadsheet, I understand it to be a list of homes where restoration was completed.

**Compilation of Plaintiffs' 2022 "February Scope of Work List"**

12.     In April 2022, the parties stipulated to modifications of the Agreement clarifying the universe of homes in Flint eligible for participation in the City's service line replacement program in a list called "2022 Replacement Eligible

5

Homes List." *See* Order Modifying Settlement Agmt. ¶ 1, ECF No. 237, PageID.11071. The 2022 Replacement Eligible Homes List includes 31,578 addresses. *Id.*

13.     As part of the parties' discussions towards developing the 2022 Replacement Eligible Homes List, in February 2022 I conducted an analysis to identify where, based on my review of the City's reporting to Plaintiffs, the City had remaining outreach, excavation, and/or pipe replacement obligations under the Agreement. This analysis did not consider at which addresses the City had remaining restoration obligations. Through this review, I compiled a list of 1,931 homes where the City's records indicated that the City had remaining outreach, excavation, and/or service line replacement obligations ("Plaintiffs' February Scope of Work List"). Plaintiffs shared this list with the City via email on February 23, 2022. *See* PA 11.

14.     The following describes how I compiled Plaintiffs' February Scope of Work List. As part of the parties' data exchanges to aid the development of the 2022 Replacement Eligible Homes List, on October 13, 2021, the City shared via email a series of files listing the addresses which, in the City's view, comprised the 2022 Replacement Eligible Homes List. *See* PA 14. The email attached files with the following titles: "2021-09-14 Declinations.xslx;" "2021-9-14 Homes with consent received.xlsx;" "2021-09-14 Fast Start Exploration Status.xlsx;" "2021-09-

6

14 Filter Verification.xlsx;" "2021-09-14 Completed SLE SLR All Phases.xlsx;" "2021-09-14 Non-responsive.xlsx;" and "2021-09-14 Outstanding work orders.xslx." I understand that "SLE" refers to service line excavation, and "SLR" refers to service line replacement.

15.     On January 5, 2022, the City shared via email a spreadsheet titled "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List.xlsx." *See* PA 18. This spreadsheet contained the City's updated list of "all of the applicable addresses" for the 2022 Replacement Eligible Homes List. *Id*. The spreadsheet contained eight tabs: "Consol. Rpl. Elig. Add's;" "11.24.21 Compl Add's;" "11.24.21 Add's w Csnt;" "8.2.21 NRDC Outreach;" "8.2.21 NRDC Inactive;" "Excav Non-CU Addys;" "9.14.21 Declinations;" "9.14.21 Non-Resp."

16.     I used the file titled "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List.xlsx" to begin creating Plaintiffs' scope of work list. First, I added to my list every address that the City's "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List.xlsx" spreadsheet indicated still required work. If the City included an address on the tab titled "11.24.21 Add's w csnt," I interpreted this to mean that a resident at this address consented to excavation and the City had not yet completed that excavation. If an address appeared on the tabs titled "8.2.21 NRDC Outreach" or "8.2.21 NRDC Inactive," I interpreted this to

7

mean that the City had not yet completed the required outreach to these homes.[1] If

an address appeared on the tab titled "Excav Non-CU Addys" (which I interpret to

mean "Excavated Non-Copper Addresses"), I interpreted to mean that the City had

located a lead or galvanized steel pipe at this address, but had not yet replaced that

pipe. In total, 1,786 addresses appeared on these four tabs.

17.     Second, I examined the tab titled "11.24.21 Compl. Add's" to assess

whether the information on that spreadsheet demonstrated that the City had

replaced all lead or galvanized steel service lines at the addresses on that tab. If the

tab did not indicate that the City had replaced a lead or galvanized steel service

line, I included it on Plaintiffs' February Scope of Work List. For example, if an

address was listed as having a lead or galvanized service line, but the spreadsheet

indicated that "no portion of the service line was replaced," I assumed that the City

had not yet completed the required replacement. Similarly, if an address was listed

as having a copper public-side service line and a lead or galvanized private-side

service line, and the spreadsheet indicated that only the public side was replaced, I

assumed that the City had not yet completed the required replacement. Finally, if

an address was listed as having an entire service line made of lead and/or

galvanized steel, and the spreadsheet indicated that a partial, but not full,

---

[1] The City's records subsequently showed completed outreach and/or excavations
at 52 of these homes. *See* Vandal Decl. ¶ 23.

replacement had been completed, I assumed that the City had not yet completed the required replacement. Based on this, I added 28 addresses to Plaintiffs' February Scope of Work List.

18.     If an address appeared on the tab titled "9.14.21 Declinations" in the spreadsheet described in Paragraph 15 above, I understood this to mean that the resident at that address declined excavation and the City had completed its obligations as to that address. *See* Settlement Agmt. ¶ 15(b), ECF 147-1, PageID.7368. If an address appeared on the tab titled "9.14.21 Non-Resp," I understood this to mean that the City had fulfilled its obligations to that address because the City completed the required outreach to that home and the resident did not consent to excavation. *See* Order Am. Settlement Agmt. ¶ 15, ECF 208, PageID.10355.

19.     I identified the following discrepancies in the City's data: Eighty-six addresses appeared *both* on one of the four tabs listed in Paragraph 16 above, which I understood to mean that work was still required at those addresses, and on one of the three tabs listed in Paragraphs 17 and 18 above, which I understood to mean the City had completed its obligations to these addresses. I identified these addresses by using Excel's "conditional formatting" function to highlight all duplicate addresses appearing on the "Consol. Rpl. Elig. Add's" tab. This tab had two columns: one column listing every address the City listed on the tabs described

in Paragraphs 16 to 18 above, and one column listing the tab those address were listed on. (Highlighting duplicates in Excel highlights all of the addresses that appear twice on a spreadsheet in red.) I then used Excel's filter function to filter for only those rows that were now highlighted in red. (Filtering in Excel allows to the viewer to see only those rows that meet specified criteria.) I then manually counted which addresses appeared on both one of the four tabs listed in Paragraph 16 and one of the three tabs listed in Paragraphs 17 and 18 above.

20.    Because of this discrepancy in the City's data, I could not definitively determine whether the City had completed its obligations at these addresses. Because of this, I included these 86 addresses on Plaintiffs' February Scope of Work List.[2]

21.    I also included on Plaintiffs' February Scope of Work List 117 addresses that did not appear on the City's "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List.xlsx" file in any tab, but for which other data reported by the City indicated the City still had obligations. Plaintiffs explained their basis for concluding that the City had outstanding obligations to these addresses, including the data sources Plaintiffs relied on, in a February 11, 2022 email. *See* PA 240. These addresses fell into three categories:

---

[2] Due to these discrepancies, Plaintiffs' February Scope of Work List may be overinclusive by 86 addresses. Plaintiffs alerted the City to discrepancies in its data affecting the remaining scope of work. *See* PA 21-22, 24, 216.

    a.   Addresses that were listed on the City's October 2021 spreadsheet titled "2021-09-14 Outstanding work orders.xslx" and which other records shared by the City with Plaintiffs indicated that the City still had obligations.

    b.   Addresses where the City's monthly reporting data indicated that a resident consented to an excavation and the City had not yet performed an excavation.

    c.   Addresses where, according to the City's spreadsheet titled "Phase VI Addresses - Para 13 Data" (shared with Plaintiffs via email on February 14, 2019), the City performed an excavation, discovered a lead or galvanized steel service line, and had not yet replaced that service line.

22.    In total, based on the processes described in the preceding paragraphs, I identified 1,931 addresses where I concluded the City still had outreach, excavation, and/or replacement obligations (excluding restoration) as of February 2022. These 1,931 addresses comprised Plaintiffs' February Scope of Work List.

### Exhibits in Plaintiffs' Appendix

23.    Plaintiffs have compiled the exhibits supporting Plaintiffs' Fifth Motion to Enforce Settlement Agreement in an appendix. The Plaintiffs' Appendix (PA) has been paginated as a single document for the Court's convenience.

11

24.     Attached as Exhibit 1 (PA 1-4) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Sarah Tallman, NRDC, et al., on January 8, 2021.

25.     Attached as Exhibit 2 (PA 5-6) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on June 2, 2021.

26.     Attached as Exhibit 3 (PA 7-9) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Sarah Tallman, NRDC, et al., on July 14, 2021.

27.     Attached as Exhibit 4 (PA 10-12) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on February 23, 2022.

28.     Attached as Exhibit 5 (PA 13-16) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Adeline Rolnick, NRDC, et al., on October 13, 2021.

29.     Attached as Exhibit 6 (PA 17-19) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Sarah Tallman, NRDC, et al., on January 5, 2022.

12

30.     Attached as Exhibit 7 (PA 20-26) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, et al., on January 21, 2022.

31.     Attached as Exhibit 8 (PA 27-61) is a true and correct copy of excerpts of a contract between Lakeshore Global Corporation (Lakeshore) and the City of Flint (executed August 16, 2022). The excerpts include the text of the Agreement between the City of Flint and Lakeshore, including the signature pages, and excerpts of the Supplemental Conditions to the contract.

32.     Attached as Exhibit 9 (PA 62-64) is a true and correct copy of an email sent by Kalaya Thomas, Metro Consulting Associates, to Adeline Rolnick, NRDC, et al., on October 10, 2022.

33.     Attached as Exhibit 10 (PA 65-67) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Sarah Tallman, NRDC, et al., on June 17, 2021.

34.     Attached as Exhibit 11 (PA 68-70) is a true and correct copy of a press release issued by the City of Flint via its website on April 2, 2020, and available at https://www.cityofflint.com/city-of-flint-suspends-service-line-replacement-work-to-help-prevent-spread-of-coronavirus/.

35.    Attached as Exhibit 12 (PA 71-82) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, et al., on February 3, 2021.

36.    Attached as Exhibit 13 (PA 83-85) is a true and correct copy of a letter sent via email by Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, on February 22, 2022.

37.    Attached as Exhibit 14 (PA 86-88) is a true and correct copy of a letter sent via email by William Kim, City Attorney, City of Flint, to Adeline Rolnick, NRDC, on October 7, 2022.

38.    Attached as Exhibit 15 (PA 89-107) is a true and correct copy of a contract between ROWE Professional Services and the City of Flint (executed April 27, 2022).

39.    Attached as Exhibit 16 (PA 108-14) is a true and correct copy of an email sent by Jolie McLaughlin, NRDC, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on April 1, 2022.

40.    Attached as Exhibit 17 (PA 115-16) is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on October 26, 2022.

41.     Attached as Exhibit 18 (PA 117-19) is a true and correct copy of the City of Flint's monthly report dated October 28, 2022, sent as an attachment to an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on October 28, 2022.

42.     Attached as Exhibit 19 (PA 120-22) is a true and correct copy of a press release issued by the City of Flint via its website on September 29, 2022, and available at https://www.cityofflint.com/city-of-flint-reaches-95-completion-of-lead-service-line-replacement-project/.

43.     Attached as Exhibit 20 (PA 123-24) is a true and correct copy of a letter from Robert Bincsik, Director of Public Works, City of Flint, to Linda Holst, Director, Water Division, U.S. EPA Region 5, and Jennifer Wilson, Environmental Engineer, Water Division, U.S. EPA Region 5, on March 25, 2019, and available at https://www.michigan.gov/flintwater/-/media/Project/Websites/flintwater/documents/2019/correspondence/Letter_to_US EPA_Holst_from_Flint_Bincsik_dated_032519.pdf.

44.     Attached as Exhibit 21 (PA 125-31) is a true and correct copy of a Notice of Violation sent via email by Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, and Clyde Edwards, City Administrator, City of Flint, on August 19, 2022.

15

45.     Attached as Exhibit 22 (PA 132-38) is a true and correct copy of a Notice of Violation sent via email by Sarah Tallman, NRDC, to Angela Wheeler, City Attorney, City of Flint, et al., on May 4, 2021.

46.     Attached as Exhibit 23 (PA 139-45) is a true and correct copy of a Notice of Violation sent via email by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, and Clyde Edwards, Administrator, City of Flint, on October 4, 2022.

47.     Attached as Exhibit 24 (PA 146-48) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, et al., on September 21, 2022.

48.     Attached as Exhibit 25 (PA 149-62) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, et al., on September 19, 2022.

49.     Attached as Exhibit 26 (PA 163-69) is a true and correct copy of a letter sent via email by Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, on October 17, 2022.

50.     Attached as Exhibit 27 (PA 170-76) is a true and correct copy of a news article by Peter S. Goodman and Keith Bradsher, *The World is Still Short of Everything. Get Used to It*, NYTimes.com (Aug. 30, 2021), and available at https://www.nytimes.com/2021/08/30/business/supply-chain-shortages.html.

51.　Attached as Exhibit 28 (PA 177-86) is a true and correct copy of a news article by Ron Hilliard, *Pandemic fallout leads to Flint lawn, sidewalk restoration delays, says contractor*, NBC25News.com (May 13, 2021), and available at https://nbc25news.com/news/local/pandemic-fallout-leads-to-flint-lawn-sidewalk-restoratation-delays-says-contractor.[3]

52.　Attached as Exhibit 29 (PA 187-202) is a true and correct copy of a peer-reviewed journal article by Daren A. Lytle, et al., *Sequential drinking water sampling as a tool for evaluating lead in Flint, Mich.*, 157 Water Res. 40-54 (2019).

53.　Attached as Exhibit 30 (PA 203-05) is a true and correct copy of an email sent by Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, et al., on May 17, 2021.

54.　Attached as Exhibit 31 (PA 206-09) is a true and correct copy of an email sent by Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, et al., on June 24, 2021.

55.　Attached as Exhibit 32 (PA 210-22) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, et al., on November 24, 2021.

---

[3] In the process of converting this article into a PDF for inclusion in the PA, some text was inadvertently cut off at the headers. The full article can be accessed at the website URL provided.

56.     Attached as Exhibit 33 (PA 223-24) is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on October 19, 2022.

57.     Attached as Exhibit 34 (PA 225-26) is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on October 12, 2022.

58.     Attached as Exhibit 35 (PA 227-28) is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on October 6, 2022.

59.     Attached as Exhibit 36 (PA 229-30) is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on September 28, 2022.

60.     Attached as Exhibit 37 (PA 231-38) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Adeline Rolnick, NRDC, et al., on October 27, 2022.

61.     Attached as Exhibit 38 (PA 239-44) is a true and correct copy of an email sent by Jolie McLaughlin, NRDC, to William Kim, City Attorney, City of Flint, et al., on February 11, 2022.

62.     Attached as Exhibit 39 (PA 245-47) is a true and correct copy of a letter sent by Damon L. Garrett, Metro Consulting Associates, to Clyde Edwards, City Administrator, City of Flint, on September 14, 2022.

63.     Attached as Exhibit 40 (PA 248-50) is a true and correct copy of an email sent by William Kim, City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on February 28, 2022. Emails in the thread sent prior to February 28, 2022, have been omitted.

64.     Attached as Exhibit 41 (PA 251-55) is a true and correct copy of an excerpt of the City of Flint City Council Meeting Agenda for March 14, 2022, https://www.cityofflint.com/wp-content/uploads/2022/07/Agenda-Packet-FCC-March-14-2022-2.pdf.

65.     Attached as Exhibit 42 (PA 256-60) is a true and correct excerpt of the City of Flint City Council Meeting Agenda for March 28, 2022, available at https://www.cityofflint.com/wp-content/uploads/2022/07/Agenda-Packet-City-Council-3-28-22.pdf.

66.     Attached as Exhibit 43 (PA 261-67) is a true and correct copy of a Notice of Violation sent via email by Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, and Clyde Edwards, City Administrator, City of Flint, on May 6, 2022.

67.     Attached as Exhibit 44 (PA 268-69) is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on November 1, 2022.


I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. on November 1, 2022.


/s/ Adeline S. Rolnick
Adeline Rolnick
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
(202) 513-6240
arolnick@nrdc.org

*Counsel for Plaintiffs Concerned Pastors for Social Action, Melissa Mays, and Natural Resources Defense Council, Inc.*