IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, et al.,

        Plaintiffs,

v.

NICK A. KHOURI, et al.,

        Defendants.

_____/

Case No. 16-10277

Hon. David M. Lawson

**PLAINTIFFS' REPLY IN SUPPORT OF FIFTH MOTION TO ENFORCE
THE SETTLEMENT AGREEMENT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................2

    I.    This Court has authority to order relief beyond the Agreement's text ...................................................................................2

    II.    The notice provision appropriately remedies the City's undisputed violations............................................................................3

    III.    The City's unsubstantiated concerns do not show that the proposed notice requirement is inequitable.........................................5

CONCLUSION......................................................................................................7

CERTIFICATE OF SERVICE ..............................................................................9

# TABLE OF AUTHORITIES

## Cases

*Chilcutt v. United States*,
    4 F.3d 1313 (5th Cir. 1993) ................................................................................5

*Roman v. Korson*,
    307 F. Supp. 2d 908 (W.D. Mich. 2004) ............................................................2

*Rufo v. Inmates of Suffolk Cnty. Jail*,
    502 U.S. 367 (1992) ............................................................................................3

*Shy v. Navistar Int'l Corp.*,
    701 F.3d 523 (6th Cir. 2012) ..............................................................................2

*Tamraz v. Lincoln Elec. Co.*,
    620 F.3d 665 (6th Cir. 2010) ..............................................................................6

*Thompson v. U.S. Dep't of Hous. & Urban Dev.*,
    404 F.3d 821 (4th Cir. 2005) ..............................................................................3

*United States v. Wayne Cnty.*,
    369 F.3d 508 (6th Cir. 2004) ..............................................................................3

*Universal Settlements Int'l, Inc. v. Nat'l Viatical Inc.*,
    568 F. App'x 398 (6th Cir. 2014) .......................................................................2

# INTRODUCTION

As a result of the City's undisputed failure to track its restoration of lawns, driveways, and sidewalks following service line excavations, the City does not know which addresses, or how many, still require restoration. City's Resp. Pls.' 5th Mot. Enforce (City Resp.) 7-8, ECF No. 248, PageID.11559-11560. And because significant time has elapsed since the City last performed work at many homes, residents, too, may be unsure if the City plans to return to repair their properties.

To remedy the City's violations, Plaintiffs proposed a reasonable process designed to ensure the City accurately assesses where required restoration work remains. The City has agreed to the majority of this process, including the use of specific criteria to visually inspect whether restoration work remains at homes for which the City lacks a contemporaneous record of restoration. Yet the City objects to a key element: notifying residents by leaving a door hanger with City contact information if the City determines it will not conduct future restoration at their homes. This notice would provide much-needed clarity to residents and promote accountability and accuracy in the City's efforts to fill its recordkeeping gaps.

The City does not dispute the notice provision's benefits. Instead, it objects to the requirement based on a misunderstanding of the applicable law, an erroneous conception of what implementing the notice provision would actually entail, and speculative allegations about the potential compliance costs. The City fails to show

1

that the proposed notice requirement is inequitable. The Court should order the City to implement Plaintiffs' proposed notice provision.

## ARGUMENT

### I. This Court has authority to order relief beyond the Agreement's text

The City misstates the law in arguing that only "fraud or mutual mistake of fact" justifies imposing any relief beyond the Agreement's text. *See* City Resp. 1, 7, PageID.11553, 11559 (quoting *Universal Settlements Int'l, Inc. v. Nat'l Viatical Inc.*, 568 F. App'x 398, 404 (6th Cir. 2014)). While the City's cited standard may apply to parties seeking to *alter* a consent decree, *see Universal Settlements Int'l*, 568 F. App'x at 404, Plaintiffs seek equitable relief to *enforce* the Agreement. As this Court has recognized, it has ample authority to enforce the Agreement by ordering "'additional affirmative conduct' not required by the underlying agreement." Order Granting Pls.' 4th Mot. to Enforce 10-11, ECF No. 228, PageID.11038-11039 (quoting *Roman v. Korson*, 307 F. Supp. 2d 908, 919 (W.D. Mich. 2004)); *id.* at 15-16, PageID.11043-11044 (ordering remedies beyond the Agreement's text); *see also Shy v. Navistar Int'l Corp.*, 701 F.3d 523, 533 (6th Cir. 2012).

Even if Plaintiffs had sought to modify, rather than enforce, the Agreement—which they did not—this Court would have authority to order relief "tailored to resolve the problems created by" a "significant change in factual

2

circumstances." *United States v. Wayne Cnty.*, 369 F.3d 508, 513 (6th Cir. 2004) (cleaned up); *see also Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-92 (1992) (explaining standards for modifying consent decrees under Federal Rule of Civil Procedure 60(b)). The City's substantial noncompliance with its restoration obligations is such a change in circumstances. *See Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 404 F.3d 821, 830-31 (4th Cir. 2005).

## II. The notice provision appropriately remedies the City's undisputed violations

In light of the City's egregious and undisputed violations of its obligations to complete restoration work and maintain records of that work, the notice provision is appropriate relief to enforce the Agreement.

First, the notice provision "seeks to *benefit* Flint property owners." Order Granting Mot. Leave Take Limited Disc. 2, ECF No. 255, PageID.11608. Because some properties may have been left unrestored for years, *see* Pls.' App'x (PA) 178-80, ECF No. 242-4, PageID.11415-11417; Hemphill Decl. ¶¶ 2-3, residents may be uncertain whether the City plans or is required by the Agreement to return to their address to complete restoration. Residents may also have pursued restoration on their own or through private contractors. *See* PA 104, PageID.11341. Plaintiffs' requested notice would give these residents long-awaited clarity about whether the City will complete further work at their homes. Hemphill Decl. ¶ 10; Darrough Decl. ¶ 7. In doing so, it comports with other Agreement provisions requiring the

3

City to promote transparency by communicating information to residents. *See, e.g.*, Settlement Agmt. (Agmt.) ¶¶ 14, 35, 75, ECF No. 147-1, PageID.7366-7367, 7380, 7394; Order Mod. Settlement Agmt. (2018 Order) ¶ 15.b, ECF No. 174, PageID.8711; Order Mod. Settlement Agmt. (2020 Order) ¶ 6, ECF No. 217, PageID.10413.

Second, the notice provision will promote accuracy and consistency in the City's efforts to remedy its recordkeeping violations using visual inspections. If the City's inspections do not accurately identify the remaining restoration work, notice will ensure residents are promptly informed of the City's error and can provide timely input to the City. *See* Hemphill Decl. ¶ 10; Darrough Decl. ¶ 7. The City's witness concedes this feedback would benefit the City. Brown Tr. 49:25-51:10.

The notice provision will also allow Plaintiffs to monitor any widespread issues with the City's inspections in real time and promptly bring those issues to the City's attention, because the City has agreed to provide monthly reports to Plaintiffs on communications from residents about the City's inspections. Stip. Regarding Pls.' 5th Mot. Enforce Settlement Agmt. (Jan. 2023 Stip.) ¶ 18, ECF No. 256, PageID.11628-11629. And by promoting accuracy in the City's inspections, the notice provision will also increase the odds that the scope of remaining restoration work the City identifies is accurate and that any new restoration deadline the parties negotiate is practicable. *See id.* ¶¶ 5-6,

4

PageID.11615-11617. "Considering the City's repeated promises and failures" to complete and track its restoration work, *see* Order Granting Pls.' 4th Mot. to Enforce 13, PageID.11041, this extra layer of quality control for the City's visual inspections is warranted. *Accord Chilcutt v. United States*, 4 F.3d 1313, 1321-22 (5th Cir. 1993).

### III. The City's unsubstantiated concerns do not show that the proposed notice requirement is inequitable

In the face of the notice provision's conceded benefits, the City offers only a speculative affidavit concerning potential costs. City Resp. 8-9, PageID.11560-11561; Brown Aff., ECF No. 248-1. The City's purported concerns fail to show that the notice provision does not equitably remedy its recordkeeping violations.[1]

The City's affiant based his opinions on an inflated understanding of the notice provision. He assessed the potential burden of leaving a door hanger at every home where the City has completed an excavation—more than 27,000. Brown Tr. 22:15-24:7, 52:13-19; City Resp. 2, PageID.11554. But Plaintiffs made the more targeted request that the City leave door hangers at only those homes where the City both lacks a contemporaneous record of restoration (roughly 6,000,

---

[1] The City also makes several irrelevant and unsupported factual assertions about its progress implementing the Agreement and obstacles it has faced. City Resp. 2-5, PageID.11554-11557. The City does not dispute the violations at issue, and has invoked neither the Agreement's force majeure and impossibility provisions, Agmt. ¶¶ 131-37, PageID.7424-7426, nor any contract defenses.

5

by the City's accounting, *see* Rolnick Decl. ¶ 4, ECF No. 242-2, PageID.11128-11129), and determines by visual inspection that certain restoration criteria have been met. Pls.' Br. Supp. 5th Mot. Enforce Settlement 23-24, ECF No. 242, PageID.11120-11121. To be clear, the City or its contractor will already be onsite to visually inspect the property. City Resp. 8, PageID.11560; Jan. 2023 Stip. ¶ 16, PageID.11626-11627. The only mandatory added burden at issue would be printing door hangers and hanging them at some homes when an inspector concludes that restoration is already complete. The City's witness concedes that the added burden of hanging the door hangers would be "small." Brown Tr. 36:25-38:2. And the City has previously managed to print and distribute other door hangers listing City contact information. *E.g.*, Agmt. ¶ 75, PageID.7394; 2018 Order ¶ 15.b, PageID.8711; 2020 Order ¶ 6, PageID.10413.

Even if the City's affiant had considered the correct remedy, his hypothesis that the notice provision could impose a "tremendous" burden, Brown. Aff. ¶ 13, PageID.11565, is entirely speculative and should be disregarded. *See Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 670 (6th Cir. 2010); Fed. R. Evid. 701, 702. He did not consider any specific costs beyond the City's labor resources that might result from the notice provision, such as printing costs. Brown Tr. 48:8-13, 32:25-33:2. Nor did he consult the City's project management contractor—who is performing the inspections, PA 93, 99, 104, PageID.11330, 11336, 11341—about

6

the proposed notice provision. Brown Tr. 39:3-18, 48:4-7. Further, he neither considered any information about past resident communications nor estimated how much time it would take to respond to resident inquiries resulting from the notice provision—a step not required by Plaintiffs' proposal. *Id.* at 44:6-14, 48:14-15, 52:20-24.

While the City also raises the specter of diverting funds from other work required by the Agreement to implement the notice provision, the City nowhere contends that it will run out of money. City Resp. 9, PageID.11561. By its own accounting, the City has over $11 million in settlement funds remaining. *Id.*; Agmt. ¶¶ 22, 27, PageID.7372, 7376.

In sum, the proposed notice requirement appropriately effectuates the Agreement and the City has offered no credible objections to imposing it.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted in full.[2]

Dated: January 20, 2023          Respectfully submitted,

/s/ Adeline S. Rolnick                    /s/ Bonsitu Kitaba (with consent)
Adeline S. Rolnick                         Bonsitu Kitaba (P78822)

---

[2] On January 19, 2023, Plaintiffs and the City filed a stipulation agreeing to the Court's entry of an order granting in part Plaintiffs' Fifth Motion to Enforce Settlement Agreement and leaving the Motion open to resolve the parties' dispute concerning the notice provision. *See* Jan. 2023 Stip. Plaintiffs have submitted through the ECF utilities function an updated proposed order reflecting the remaining relief Plaintiffs request, including adjustments accounting for the fact that the City has already begun conducting visual inspections.

Sarah C. Tallman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 513-6240
arolnick@nrdc.org
stallman@nrdc.org

Melanie D. Calero
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(212) 727-4546
mcalero@nrdc.org

Michael E. Wall
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
mwall@nrdc.org

*Counsel for Plaintiffs Concerned Pastors for Social Action, Melissa Mays, and Natural Resources Defense Council, Inc.*

Daniel S. Korobkin (P72842)
American Civil Liberties Union Fund
of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
bkitaba@aclumich.org
dkorobkin@aclumich.org

*Counsel for Plaintiff American Civil Liberties Union of Michigan*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed Plaintiffs' Reply in Support of Fifth Motion to Enforce the Settlement Agreement with the Clerk of the Court using the ECF system.

/s/ Adeline S. Rolnick
Adeline S. Rolnick
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 513-6240
arolnick@nrdc.org