# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, et al.,

        Plaintiffs,

v.

NICK A. KHOURI, et al.,

        Defendants.

_____/

Case No. 16-10277

Hon. David M. Lawson

## DECLARATION OF MELANIE D. CALERO

I, Melanie D. Calero, declare as follows:

1.    I am counsel for Plaintiffs Natural Resources Defense Council (NRDC), Concerned Pastors for Social Action, and Melissa Mays in this action. I am a member in good standing of the bar of the State of New York. I am admitted to practice in the Eastern District of Michigan. This declaration describes my observations from meetings held with the City of Flint (City) and others; describes documents provided to Plaintiffs regarding the City's restoration efforts; and describes the exhibits compiled in Plaintiffs' Contempt Appendix.

**Recent Meetings Between Plaintiffs, the City of Flint, and Others**

2.    On February 16, 2023, I attended a meeting in person in Flint, Michigan between counsel for Plaintiffs, representatives of the City, and counsel for the City. Jeff Markstrom of ROWE Professional Services (ROWE), the City's

1

project management firm for its service line replacement program, attended the meeting. At this meeting, Plaintiffs' counsel asked questions about the visual inspections the City is conducting to confirm which properties still require restoration, including questions about the City's progress with and documentation of the inspections. Joseph Kuptz, Assistant City Attorney, City of Flint, and Mr. Markstrom were unable to answer several of these questions, instead stating that Tammy Phaneuf, a ROWE employee who was unable to attend the meeting, was the only person who could provide the requested information.

3. At this meeting, Mr. Markstrom also stated that Lakeshore Global Corporation (Lakeshore), the City's contractor, initially recorded the times of outreach attempts manually and did not document the times of outreach attempts completed in early fall 2022. He stated that Lakeshore did not have access to the City's electronic records system until October 2022.

4. On April 24, 2023, I attended a meeting by videoconference attended by Plaintiffs' counsel, the City's counsel, and City representatives, as well as counsel for the State of Michigan. Ms. Phaneuf of ROWE attended the meeting. At this meeting, I asked the City to confirm which City staff are responsible for preparing restoration reporting. Mr. Kuptz stated that he receives the restoration data from Ms. Phaneuf at ROWE and then shares it with Plaintiffs. He also stated that there are no City staff that work on preparing restoration reporting. Ms.

Phaneuf also stated that she was not aware of the restoration reporting format requirements ordered by the Court in February 2023 until Plaintiffs explained these requirements at a March 17, 2023 meeting.

5. On May 12, 2023, I attended a meeting by videoconference attended by counsel for Plaintiffs and counsel for the City to discuss the parties' disputes concerning the City's violations of the February 2023 Order. At this meeting, Mr. Kuptz stated that the City had completed all remaining required outreach work, but that he had no estimate as to when the City would provide documentation of the completed outreach.

6. On May 18, 2023, I attended and took contemporaneous notes of a videoconference attended by counsel for Plaintiffs, City representatives, the City's counsel, ROWE representatives, and counsel for the State. At this meeting, Plaintiffs' counsel, the City's counsel, and ROWE representatives discussed the status of the City's compliance with the February 2023 Order. Order Granting Pls.' 5th Mot. Enforce (Order Granting 5th Mot.), ECF No. 258. Mr. Kuptz stated that the City is no longer treating any documentation of restoration provided to Plaintiffs before March 2023 as a contemporaneous record of restoration, as that term is used in the February 2023 Order. *Id*. at 16, PageID.11687. Mr. Kuptz also confirmed that the City had decided to complete visual inspections at approximately 11,000 additional addresses where the City's records of possible

3

restoration were contained in hard copy in file cabinets. Mr. Kuptz also stated that the Lakeshore had been completing restoration at addresses excavated in the fall.

    7.    At the May 12 and May 18, 2023, meetings referred to in Paragraphs 5 and 6 above, the parties discussed the City's violations of the Agreement as described in Plaintiffs' May 3, 2023 Notice of Violation. *See* PCA 114-16. The parties did not reach of resolution of these issues.

### Restoration Records Provided to Plaintiffs by the City of Flint

    8.    The City is required to provide Plaintiffs a monthly list of all previously excavated addresses, noting the status of restoration work at each address, as determined either through existing records or through a completed visual inspection. *See* Order Granting Pls.' 5th Mot. 24-25, PageID.11695-96. I have reviewed every monthly status report the City has sent to Plaintiffs by email since February 2023, as well as all other correspondence from the City to Plaintiffs' counsel between that date and May 22, 2023. As a result of that review, I identified the communications described below in Paragraphs 9 through 18 in which the City shared restoration documentation with Plaintiffs. Although the City provided additional documentation of restoration before March 2023, per Paragraph 6 above, the City has notified Plaintiffs that it does not consider any documentation of restoration provided to Plaintiffs before that date to be "contemporaneous records" of restoration, *id.* at 16, PageID.11687.

9. On February 28, 2023, the City shared via email a file titled "2023.02.28 CoF Quarterly Status report," which I understand to be the City's quarterly report dated February 28, 2023. PCA 239. The email also attached four PDF files titled: "Flint VII SLE-SLR Sept_Restoration Invoice 01," "Flint Fast Start Phase VII SLE-SLR Invoice 02," "Total Invoice 3_12-15-22," "Invoice FINAL – PA4." *See* PCA 196. On page 3 of the City's quarterly report, in the last row of the report, the City listed the titles of these four PDF files in the column titled "Report." In the Paragraph Reference/Description column corresponding to that same row, the City included the description "Restoration Reporting – 2022 Completed Restoration." The City did not list any other file titles in this row. Based on this description and my review of the files the City attached to its report, I understand that the four PDF files were the only files related to restoration reporting that the City attached to its report.

10. On March 28, 2023, the City shared an Excel file via email titled "2023-03-14 Restoration.xlsx." *See* PCA 198. This file contains entries for 272 addresses, listing dates (and for some entries, times) in columns labeled "Hard Surface Start Date," "Hard Surface Complete Date," "Soft Surface Start Date," and "Soft Surface Complete Date." For all but 9 addresses, if there is an entry in the "Hard Surface Start Date" column, there is also an entry in the "Hard Surface Complete Date" column. For all addresses when there is an entry in the "Soft

5

Surface Start Date" column, there is also an entry in the "Soft Surface Complete Date" column. Some addresses have entries only in the soft surface columns, some have entries in only the hard surface columns, and some have entries in both the soft surface and hard surface columns. This file does not contain separate tabs or indicators distinguishing the categories described in the Court's February 2023 Order. Order Granting 5th Mot. 24-25, PageID.11695-96. Based on the title of the file, I understand that this file contains information for events occurring earlier than or on March 14, 2023.

11. On May 1, 2023, the City shared an Excel file via email titled "2023-04-14 Restoration.xlsx." *See* PCA 200. This file contains tabs with the following names: "Known homes to complete," "Homes to complete based on VI," "Homes Completed based on VI," and "TBD." Based on the label, I understand the "Known homes to complete" tab to list addresses where the City has contemporaneous documentation that restoration is incomplete. I do not understand this file to list any addresses where the City has contemporaneous documentation that restoration is complete. I used the "Sort" function in Excel to list the entries in the "Homes to complete based on VI" and "Homes Completed based on VI" tabs from oldest to newest based on the "Visual Inspection Date" column. The latest date in that column in either tab is 4/14/2023. Based on this and on the title of the

6

file, I understand that this file contains information concerning the City's visual inspections conducted through April 14, 2023.

12. In this file, the tab labeled "Homes to complete based on VI" lists 426 addresses. Based on the label and correspondence with the City's counsel, I understand this tab to list addresses where the City has conducted a visual inspection and determined restoration is incomplete. *See* PCA 189. The tab labeled "Homes completed based on VI" lists 1,632 addresses. Based on the label and correspondence with the City's counsel, I understand this tab to list addresses where the City has conducted a visual inspection and determined restoration is complete. *Id*. Based on their labels, I understand these tabs to list every address where the City had conducted a visual inspection as of April 14, 2023.

13. Also in this file, the tab labeled "TBD" lists 13,646 addresses. Based on the label of this tab and correspondence with the City's counsel, I understand this tab to list addresses where the City determined it needed to conduct a visual inspection to confirm restoration status. *See* PCA 189.

14. On May 1, 2023, the City also shared an Excel file via email titled "2023-04-14 Restoration Contact Log.xlsx." *See* PCA 200. Based on my review of the title of and entries in this file, I understand it to list communications from residents regarding visual inspections to confirm restoration status, as required by the Court's February 2023 Order. Order Granting 5th Mot. 25, PageID.11696. I

7

understand the column labeled "Nature of call" to include notes summarizing the communications from residents. Entries in the column titled "Nature of call" include: (1) "sidewalk repair; sending someone out to take another look," (2) "Needs sidewalk repaired; looks like it may have been caused by tree; after talking to resident, curb box was under tree and likely caused the heave. Transferred wo to lgc," and (3) "cracked sidewalk; left VM for homeowner." I understand "VM" to be an abbreviation for "voicemail," "wo" to be an abbreviation for "work order," and "lgc" to be an abbreviation for "Lakeshore Global Corporation. I understand these entries to describe damage to the properties at the listed addresses corresponding to those entries.

15. On May 22, 2023, the City shared an Excel file via email titled "2023-05-10 Restoration.xlsx." *See* PCA 202. Based on the label, I understand the "Known homes to complete" tab in this file to list addresses where the City has contemporaneous documentation that restoration is incomplete. This tab lists 1,683 addresses. I do not understand this file to list any addresses where the City has contemporaneous documentation that restoration is complete. I used the "Sort" function in Excel to list the entries in the "Homes to complete based on VI" and "Homes Completed based on VI" tabs from oldest to newest based on the "Visual Inspection Date" column. The latest date in that column in either tab is 5/10/2023. Based on this and on the title of the file, I understand that this file contains

information concerning the City's visual inspections conducted through May 10, 2023.

16. Also in this file, the tab labeled "Homes to complete based on VI" lists 1,239 addresses. Based on the label, I understand this tab to list addresses where the City has conducted a visual inspection and determined restoration is incomplete. The tab labeled "Homes completed based on VI" lists 9,686 addresses. Based on the label, I understand this tab to list addresses where the City has conducted a visual inspection and determined restoration is complete. Based on their labels, I understand these tabs to list every address where the City had conducted a visual inspection as of May 10, 2023. In this file, I conducted a search for the three addresses corresponding to entries (1) to (3) listed in Paragraph 14 above. The addresses corresponding to entries (1) and (3) appeared on the "Homes completed based on VI" tab, and the address corresponding to entry (2) was listed on the "Homes to complete based on VI" tab.

17. Based on the "Visual Inspection Date" column of the tab labeled "Homes to complete based on VI," this tab lists 888 addresses with a visual inspection date before or on May 1, 2023. This tab also lists 351 addresses with a visual inspection date after May 1, 2023. Based on the "Visual Inspection Date" column of the tab labeled "Homes completed based on VI," this tab lists 4,564

9

addresses with a visual inspection date before or on May 1, 2023. This tab also lists 5,122 addresses with a visual inspection date after May 1, 2023.

18. Also in this file, the tab labeled "TBD" lists 15,665 addresses. Based on the label of this tab, I understand this tab to list addresses where the City determined it needed to conduct a visual inspection to confirm restoration status.

19. Based on my review of the tabs discussed in Paragraphs 15 through 18 above, I understand that the City reported 5,452 addresses where it had completed visual inspections as of May 1, 2023. In addition, I understand that it reported 21,138 addresses where it either completed a visual inspection between May 2, 2023 and May 10, 2023, or still needed to conduct a visual inspection as of May 10, 2023. Finally, I understand the City reported 26,590 total addresses where it had either completed a visual inspection or still needed to conduct a visual inspection as of May 10, 2023.

## Exhibits in Plaintiffs' Contempt Appendix

20. Plaintiffs have compiled the exhibits supporting Plaintiffs' Motion for Contempt in an appendix. The Plaintiffs' Contempt Appendix (PCA) has been paginated as a single document for the Court's convenience.

21. Attached as Exhibit 1 (PCA 1-12) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to William Kim, City Attorney, City of Flint, et al., on February 3, 2021.

22. Attached as Exhibit 2 (PCA 3-15) is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on February 23, 2022.

23. Attached as Exhibit 3 (PCA 16-18) is a true and correct copy of a letter sent via email from Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, on February 22, 2022.

24. Attached as Exhibit 4 (PCA 19-22) is a true and correct copy of excerpts of a contract between Lakeshore Global Corporation (Lakeshore) and the City of Flint (executed August 16, 2022).

25. Attached as Exhibit 5 (PCA 23-31) is a true and correct copy of excerpts of the City of Flint Charter, available at https://www.cityofflint.com/wp-content/uploads/2022/12/Flint-Charter-Searchable.pdf (last visited May 24, 2023).

26. Attached as Exhibit 6 (PCA 32-33) is a true and correct copy of an excerpt of the City of Flint Code of Ordinances, available at https://codelibrary.amlegal.com/codes/flint/latest/flint_mi/0-0-0-1988 (last visited May 24, 2023).

27. Attached as Exhibit 7 (PCA 34-36) is a true and correct copy of a press release issued by the City of Flint via its website on November 2, 2022, and

available at https://www.cityofflint.com/city-of-flint-agrees-to-adopt-changes-to-nrdc-concerned-pastors-settlement-agreement/.

28. Attached as Exhibit 8 (PCA 37-40) is a true and correct copy of the *Get the Lead out of Flint* webpage on the City of Flint's website, and available at https://www.cityofflint.com/get-the-lead-out/ (last visited May 24, 2023).

29. Attached as Exhibit 9 (PCA 41-50) is a true and correct copy of a news article by Carrie Cochran et al., *Records missing, phones out: Flint water crisis not over*, Scripps News (May 16, 2023), and available at https://scrippsnews.com/stories/records-missing-phones-out-flint-water-crisis-not-over/.

30. Attached as Exhibit 10 (PCA 51-53) is a true and correct copy of a press release issued by the City of Flint via its website on September 30, 2022, and available at https://www.cityofflint.com/state-of-michigan-flint-enters-final-phase-of-lead-service-line-replacement/.

31. Attached as Exhibit 11 (PCA 54-57) is a true and correct copy of a press release issued by the City of Flint via its website on August 13, 2020, and available at https://www.cityofflint.com/city-of-flint-launches-final-push-to-get-the-lead-out-service-line-replacement-project-set-to-finish-by-nov-30-2020/.

32. Attached as Exhibit 12 (PCA 58-67) is a true and correct copy of a letter sent via email from Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, on May 25, 2017.

33. Attached as Exhibit 13 (PCA 68-74) is a true and correct copy of a letter sent via email from Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, on June 16, 2017.

34. Attached as Exhibit 14 (PCA 75-78) is a true and correct copy of a letter sent via email from William Kim, City Attorney, City of Flint, to Sarah Tallman, NRDC, on July 10, 2017.

35. Attached as Exhibit 15 (PCA 79-80) is a true and correct copy of an email from Sarah Tallman, NRDC, to William Kim, City Attorney, City of Flint, et al., on September 14, 2021.

36. Attached as Exhibit 16 (PCA 81-98) is a true and correct copy of an email from William Kim, City Attorney, City of Flint, to Adeline Rolnick, NRDC, et al., on December 1, 2021.

37. Attached as Exhibit 17 (PCA 99-105) is a true and correct copy of a letter sent via email from Adeline Rolnick, NRDC, to William Kim and Clyde Edwards, City of Flint, on October 4, 2022.

38. Attached as Exhibit 18 (PCA 106-112) is a true and correct copy of a letter sent via email from Sarah Tallman, NRDC, to Angela Wheeler, City Attorney, City of Flint, et al., on May 4, 2021.

39. Attached as Exhibit 19 (PCA 113-116) is a true and correct copy of a letter sent via email from Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, on May 3, 2023.

40. Attached as Exhibit 20 (PCA 117-124) is a true and correct copy of news article by Kelly House, *Flint misses new deadline in long-overdue lead line replacement effort,* Bridge Michigan (May 4, 2023), and available at https://www.bridgemi.com/michigan-environment-watch/flint-misses-new-deadline-long-overdue-lead-line-replacement-effort.

41. Attached as Exhibit 21 (PCA 125-128) is a true and correct copy of an email from Melanie Calero, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, et al., on May 2, 2023.

42. Attached as Exhibit 22 (PCA 129-136) is a true and correct copy of a letter sent via email from Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, on March 10, 2023.

43. Attached as Exhibit 23 (PCA 137-142) is a true and correct copy of a letter sent via email from Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, on April 12, 2023.

44. Attached as Exhibit 24 (PCA 143-146) is a true and correct copy of an email from Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, et al., on May 15, 2023.

45. Attached as Exhibit 25 (PCA 147-165) is a true and correct copy of a contract between ROWE Professional Services and the City of Flint (executed April 27, 2022).

46. Attached as Exhibit 26 (PCA 166-169) is a true and correct copy of an email from Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, et al., on March 22, 2023.

47. Attached as Exhibit 27 (PCA 170-175) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Addie Rolnick, NRDC, et al., on April 28, 2023.

48. Attached as Exhibit 28 (PCA 176-179) is a true and correct copy of the City of Flint Fiscal Year 2021-2022 Adopted Budget, Flint City Council (adopted June 14, 2021), and available at https://www.cityofflint.com/wp-content/uploads/2022/06/FY2022-Adopted-Budget-2.pdf.

49. Attached as Exhibit 29 (PCA 180-187) is a true and correct copy of a news article by Tom Travis, *Flint City Council passes $64 million "balanced" budget after Winfrey-Carter's dramatic pause during rollcall vote,* East Village Magazine (June 7, 2022), and available at https://www.eastvillagemagazine.org/2022/06/07/flint-city-council-passes-64-million-balanced-budget-after-winfrey-carters-dramatic-pause-during-rollcall-vote.

50. Attached as Exhibit 30 (PCA 188-194) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Addie Rolnick, NRDC, et al., on May 10, 2023.

51. Attached as Exhibit 31 (PCA 195-196) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on February 28, 2023.

52. Attached as Exhibit 32 (PCA 197-198) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on March 28, 2023.

53. Attached as Exhibit 33 (PCA 199-200) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on May 1, 2023.

54. Attached as Exhibit 34 (PCA 201-202) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on May 22, 2023.

55. Attached as Exhibit 35 (PCA 203-206) is a true and correct copy of a letter sent via email from Sarah Tallman, NRDC, to William Kim and Steven Branch, City of Flint, et al., on November 15, 2018.

56. Attached as Exhibit 36 (PCA 207-210) is a true and correct copy of a letter sent via email from Adeline Rolnick, NRDC to Joseph Kuptz, Assistant City Attorney, City of Flint, et al., on February 2, 2023.

57. Attached as Exhibit 37 (PCA 211-213) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on April 12, 2023.

58. Attached as Exhibit 38 (PCA 214-215) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on April 19, 2023.

59. Attached as Exhibit 39 (PCA 216-217) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on April 26, 2023.

60. Attached as Exhibit 40 (PCA 218-219) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl,

Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on May 3, 2023.

61. Attached as Exhibit 41 (PCA 220-221) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on May 17, 2023.

62. Attached as Exhibit 42 (PCA 222-224) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on May 24, 2023.

63. Attached as Exhibit 43 (PCA 225-227) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on May 10, 2023.

64. Attached as Exhibit 44 (PCA 228-229) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on April 28, 2023.

65. Attached as Exhibit 45 (PCA 230-232) is a true and correct copy of an email from William Kim, City Attorney, City of Flint, to Sarah Tallman, NRDC, et al., on January 5, 2022.

66. Attached as Exhibit 46 (PCA 233-238) is a true and correct copy of an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Adeline Rolnick, et al., on April 30, 2023.

67. Attached as Exhibit 47 (PCA 239-242) is a true and correct copy of the City of Flint's quarterly report dated February 28, 2023, sent as an attachment to an email from Joseph Kuptz, Assistant City Attorney, City of Flint, to Richard Kuhl, Assistant Attorney General, Environment, Natural Resources, and Agriculture Division, et al., on February 28, 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on May 26, 2023.

/s/ Melanie D. Calero
Melanie D. Calero
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(212) 727-4546
mcalero@nrdc.org

*Counsel for Plaintiffs Concerned Pastors for Social Action, Melissa Mays, and Natural Resources Defense Council, Inc.*

19