# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, et al.,

        Plaintiffs,

   v.

NICK A. KHOURI, et al.,

        Defendants.

_____/

Case No. 16-10277

Hon. David M. Lawson

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONTEMPT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

I.      The City has not rebutted Plaintiffs' showing of its violations of clear court orders ................................................................................. 1

II.     Assertions of the City's belated "progress" are not enough to avoid contempt ........................................................................... 2

III.    Holding the Mayor in contempt is warranted ...................................... 4

IV.    Plaintiffs' requests for relief are not moot ........................................... 5

CONCLUSION .......................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................. 9

## TABLE OF AUTHORITIES

### Cases

*Alexander v. Hill*,
 707 F.2d 780 (4th Cir. 1983) ..................................................................................6

*Benjamin v. Fraser*,
 No. 75 Civ. 3073, 2002 WL 31845111, (S.D.N.Y. Dec. 16, 2002) ................6

*Bennett v. Louisville Metro Gov't*,
 616 F. App'x 820 (6th Cir. 2015) ..................................................................2

*Binta B. ex rel. S.A. v. Gordon*,
 710 F.3d 608 (6th Cir. 2013) ..........................................................................7

*Blackwell v. Simon*,
 No. 20-2171, 2021 WL 5822700 (6th Cir. Dec. 8, 2021) ..............................2

*Casale v. Kelly*,
 710 F. Supp. 2d 347 (S.D.N.Y. 2010) ............................................................6

*Cordius Trust v. Kummerfeld Assocs., Inc.*,
 658 F. Supp. 2d 512 (S.D.N.Y. 2009) ............................................................6

*Doe v. Claiborne Cnty.*,
 103 F.3d 495 (6th Cir. 1996) ..........................................................................5

*Feliciano v. Vila*,
 No. 79-4, 2007 WL 4404730 (D.P.R. Dec. 13, 2007) ....................................3

*McNeal v. Tate Cnty. Sch. Dist.*,
 No. 2:70-CV-00029-DMB, 2016 WL 7156554 (N.D. Miss. Dec. 7, 2016) ...6

*McPherson v. Kelsey*,
 125 F.3d 989 (6th Cir. 1997) ..........................................................................3

*P.J. ex rel. W.J. v. Conn. State Bd. of Educ.*,
 931 F.3d 156 (2d Cir. 2019) ...........................................................................7

*Rolex Watch U.S.A., Inc. v. Crowley*,
     74 F.3d 716 (6th Cir. 1996) .................................................................................3

*Rufo v. Inmates of Suffolk Cnty. Jail*,
     502 U.S. 367 (1992) .............................................................................................7

*Sizzler Fam. Steak Houses v. W. Sizzlin Steak House, Inc.*,
     793 F.2d 1529 (11th Cir. 1986) ...........................................................................3

*United States v. Hochschild*,
     977 F.2d 208 (6th Cir. 1992) ...............................................................................5

*United States v. Tennessee*,
     925 F. Supp. 1292 (W.D. Tenn. 1995) ................................................................4

*Wilson v. United States*,
     221 U.S. 361 (1911) .............................................................................................5

## Federal Rules

Federal Rule of Civil Procedure 65(d)(2)(B) ..............................................................5

# INTRODUCTION

The City and Mayor continue to violate the Court's orders and should be held in contempt. The City neither disputes its violations nor attempts to meet its burden to show an inability to comply. Instead, its Response asserts that the City is now moving towards compliance. These belated steps, taken after being threatened with sanctions, are neither a defense to a contempt finding nor sufficient assurance that the City will end its pattern of noncompliance. The Court should impose a daily fine until the City proves it has cured all violations. And, regardless whether the City eventually cures its violations, the Court should authorize future enforcement fees to incentivize the City to promptly finish its pipe replacement program without the need for future motion practice.

# ARGUMENT

**I.    The City has not rebutted Plaintiffs' showing of its violations of clear court orders**

The City does not refute its violations of the Court's February 2023 Order. It does not dispute that it failed to complete required outreach by March 1. *See* Pls.' Contempt App. (PCA) 171-72, ECF Nos. 260-7, 260-8, PageID.11979-80 (as of April 28, City admitted outreach remained at over 700 homes); City Resp. Pls.' Mot. Contempt (City Resp.) 9-10, ECF No. 264, PageID.12070-71 (accounting for incomplete outreach as to only 13 of 16 homes Plaintiffs identified). It admits that it failed to fix self-created gaps in its restoration records by May 1, work that is

1

still outstanding. City Resp. 10, Page ID.12071; *infra* p. 2. And its Response fails to acknowledge, let alone address, the reporting violations Plaintiffs documented. *See* Pls.' Mot. Contempt (Pls.' Mot.) 9-11, ECF No. 260, PageID.11743-45.

The evidence shows that the City remains in violation. Plaintiffs' analysis of the City's reporting as of June 21 contradicts the unsupported claim in the City's Response that it tardily completed required outreach: That analysis shows the City has not completed or reported outreach to over 300 homes. Declaration of Noah Attal (Attal Decl.) ¶ 13. *Contra* City Resp. 9, PageID.12070. The Court should not credit contrary statements of counsel made without any evidentiary support.[1] *See Blackwell v. Simon*, No. 20-2171, 2021 WL 5822700, at *2 (6th Cir. Dec. 8, 2021); *see also Bennett v. Louisville Metro Gov't*, 616 F. App'x 820, 823 (6th Cir. 2015).

The City's restoration reporting, too, remains noncompliant: The reporting provided to Plaintiffs on June 22 lacks data on the restoration status of over 700 previously excavated homes, in violation of the Court's order. Attal Decl. ¶ 19; Order Granting 5th Mot. 24-25, ECF No. 258, PageID.11695-96.

**II.   Assertions of the City's belated "progress" are not enough to avoid contempt**

In response to Plaintiffs' prima facie showing of contempt, the City and

---

[1] The City submitted new data less than 24 hours before Plaintiffs' Reply deadline, without complying with Local Rule 7.1(a). *See* Mot. Serve Suppl. Pleading, ECF No. 265. Plaintiffs are still analyzing this new outreach data. If the Court grants the City leave to submit this untimely evidence, Plaintiffs will seek leave to respond.

2

Mayor make no attempt to meet their burden to "produce evidence" showing "'categorically and in detail' why [the City] is unable to comply." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (*quoting Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). Indeed, they offered *no* evidence to support such a showing. Vague references in a brief to "intervening or superseding causes" of delay, such as "material and manpower shortages, inclement weather, resident scheduling delays, etc.," City Resp. 6, 10, PageID.12067, 12071, are not evidence and do not meet the Mayor and City's burden. *Cf. McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (issues waived absent "some effort at developed argumentation" (cleaned up)). And even if the Mayor "caused the City to employ a project manager and contractor on this project in 2022," City Resp. 6, PageID.12067, that would hardly show that he took all reasonable steps to ensure compliance with an order issued in 2023, *after* those contracts were in place.

The City's claim that it is *now* making progress towards completing overdue work shows that the threat of contempt can be motivating. However, any such progress, coming after Plaintiffs filed their motion, is "not a defense to a contempt charge." *Sizzler Fam. Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 n.5 (11th Cir. 1986). "Eleventh Hour efforts to comply with an order do not shield the recalcitrant party from contempt, particularly when defendants' rush to action occurs after the filing of the plaintiffs' motion." *Feliciano v. Vila*, No. 79-4,

3

2007 WL 4404730, at *14 (D.P.R. Dec. 13, 2007) (collecting cases). This is especially so given the City "participated in drafting the order" it then violated. *United States v. Tennessee*, 925 F. Supp. 1292, 1302 (W.D. Tenn. 1995).

To avoid contempt, the City would have had to make every reasonable effort to comply *before* it violated the Court order. It did not do so: Only after missing court-ordered deadlines and after Plaintiffs initiated dispute resolution did the City double the number of crews performing the overdue work and begin analyzing thousands of paper records to figure out how many inspections were required. Pls.' Mot. 10-11, PageID.11744-45. And only after the City filed its Response to Plaintiffs' contempt motion did it finally submit reporting on the hundreds of homes it restored in 2022 and 2023, despite a longstanding obligation to timely do so. *Compare* Declaration of Melanie D. Calero ¶¶ 15-19, ECF No. 260-2, PageID.11771-73, *with* Attal Decl. ¶ 18. The City's assertion of progress now, in the face of contempt sanctions, only reinforces how far short its prior efforts fell.

### III.  Holding the Mayor in contempt is warranted

Holding Mayor Neeley in contempt alongside the City is not duplicative. *Contra* City Resp. 5-6, PageID.12066-67. Courts routinely find both non-party officers and their corporations in contempt for the corporations' violations of court orders. *See* Pls.' Mot. 17, PageID.11751. If such findings were duplicative, there would be little reason for the well-settled rule that injunctions bind a corporation's

4

non-party officers as well as the corporation itself. *See United States v. Hochschild*, 977 F.2d 208, 211 (6th Cir. 1992); Fed. R. Civ. P. 65(d)(2)(B). And such a holding would hamstring courts' use of their contempt powers, unnecessarily forcing them to choose between sanctioning a corporation and those "responsible for the conduct of its affairs," *Wilson v. United States*, 221 U.S. 361, 376 (1911).

*Doe v. Claiborne County* is not to the contrary. 103 F.3d 495, 509 (6th Cir. 1996). The *Doe* court dismissed claims against county officials not because of duplication, but because the plaintiff failed to state a claim against the county. *Contra* City Resp. 5-6, PageID.12066-67. That is hardly the situation here.

Nor would holding the Mayor in contempt be a mere legal formality. The City acts only through individuals. As Flint's chief executive, the Mayor is every bit as bound by the Agreement as the City he leads. *See* Fed. R. Civ. P. 65(d)(2)(B). Accountability is needed, and holding the Mayor in contempt will coerce him to ensure the City ends its recurring pattern of noncompliance.

### IV. Plaintiffs' requests for relief are not moot

Plaintiffs' motion is not moot: The City remains in violation and has not attempted to show it took all reasonable steps to comply before contempt was sought. *Supra* pp. 1-4. A coercive daily fine is warranted until the City proves it has complied with the Court's orders. Pls.' Mot. 20-22, PageID.11754-56. Even if the City cures its ongoing violations, the Court should still issue contempt findings

5

and allow Plaintiffs to seek fees for future enforcement proceedings, in the event such proceedings become necessary. *Id*. at 24-25, Page ID.11758-59.

The City and Mayor should be held in contempt regardless of any "belated[]" compliance. *See Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F. Supp. 2d 512, 517 (S.D.N.Y. 2009). A "spurt of activity on the heels of . . . contempt proceedings cannot save the City from the consequences of its previous indifference." *Casale v. Kelly*, 710 F. Supp. 2d 347, 362 (S.D.N.Y. 2010); *accord McNeal v. Tate Cnty. Sch. Dist.*, No. 2:70-CV-00029-DMB, 2016 WL 7156554, at *13 (N.D. Miss. Dec. 7, 2016) ("subsequent compliance" is "relevant [only] to the issue of sanctions, not a finding of contempt").

The City has persistently violated the Agreement for years. Its immediate violations of the Court's February 2023 Order—an order necessary only because of the City's earlier violations—are just the latest example. *See* Pls.' Mot at 5-6, 9-12, PageID.11739-40, 11743-46. And only *after* Plaintiffs noticed these latest violations and raised the specter of contempt did the City increase its efforts. *Id*. at 10-11, PageID.11744-45. This pattern shows that the City will not comply with the Court's orders without a stronger incentive. *See Benjamin v. Fraser*, No. 75 Civ. 3073, 2002 WL 31845111, at *11 (S.D.N.Y. Dec. 16, 2002).

Even if the Court is disinclined to make a formal contempt finding, it can and should allow Plaintiffs to seek enforcement fees going forward. *See Alexander*

6

*v. Hill*, 707 F.2d 780, 782-83 (4th Cir. 1983) (contempt finding not necessary to order remedial fines given defendant's "widespread failure . . . to comply with previous orders"). Allowing Plaintiffs to seek these fees if they become necessary—and they will not if the City complies—is an appropriate remedy to help break the cycle of noncompliance and motion practice. Pls.' Mot. 24-25, PageID.11758-59. In any event, this relief is also warranted as a modification of the Agreement as a remedy for the City's prolonged violations. *See id.*; *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-92 (1992) (explaining standards for modifying consent decrees). The City's focus on the standards for *interpreting* settlement terms, *see* City Resp. 8-9, PageID.12069-70, is misplaced.

An order authorizing Plaintiffs to seek future enforcement fees would be neither vague nor difficult to administer. *Contra id.* at 7, PageID.12068. Courts routinely evaluate requests for post-judgment enforcement fees, awarding fees for time "necessary to enforce" a consent decree. *See, e.g.*, *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 625-26 (6th Cir. 2013); *P.J. ex rel. W.J. v. Conn. State Bd. of Educ.*, 931 F.3d 156, 168 (2d Cir. 2019). This case would be no different.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for contempt should be granted.

Dated: June 23, 2023  Respectfully submitted,

/s/ Adeline S. Rolnick  /s/ Daniel S. Korobkin (with consent)
Adeline S. Rolnick  Daniel S. Korobkin (P72842)

7

Sarah C. Tallman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 513-6240
arolnick@nrdc.org
stallman@nrdc.org

Melanie D. Calero
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(212) 727-4546
mcalero@nrdc.org

Michael E. Wall
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
mwall@nrdc.org

*Counsel for Plaintiffs Concerned Pastors for Social Action, Melissa Mays, and Natural Resources Defense Council, Inc.*

Bonsitu Kitaba (P78822)
American Civil Liberties Union Fund
of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823
dkorobkin@aclumich.org
bkitaba@aclumich.org

*Counsel for Plaintiff American Civil Liberties Union of Michigan*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I electronically filed Plaintiffs' reply in support of their Motion for Contempt with the Clerk of the Court using the ECF system.

/s/ Adeline S. Rolnick
Adeline S. Rolnick
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 513-6240
arolnick@nrdc.org

9