UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONCERNED PASTORS FOR SOCIAL
ACTION, MELISSA MAYS, AMERICAN
CIVIL LIBERTIES UNION OF MICHIGAN,
and NATURAL RESOURCES DEFENSE
COUNCIL, INC.,

        Plaintiffs,

v.

NICK A. KHOURI, FREDERICK HEADEN,
MICHAEL A. TOWNSEND, MICHAEL A.
FINNEY, JOEL FERGUSON, SYLVESTER
JONES, R. STEVEN BRANCH, and
CITY OF FLINT,

        Defendants.
_____/

Case Number 16-10277
Honorable David M. Lawson

## ORDER DENYING *EX PARTE* MOTION TO FILE SUPPLEMENTAL BRIEF

This matter is before the Court on defendant City of Flint's and non-party Mayor Sheldon Neeley's *ex parte* motion for leave to file a supplemental brief in response to the plaintiffs' contempt motion. The Court has considered the motion and finds that it should be denied.

In seeking leave to file the supplemental brief, the City and Mayor Neeley purport to rely exclusively on Federal Rule of Civil Procedure 15(d), which permits parties with leave of Court to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The proposed supplemental brief is not a "pleading," however. *See* Fed. R. Civ. 7(a). And Rule 15(d) requires "reasonable notice," which the City and Mayor Neeley have not supplied to the plaintiffs. In fact, they style their motion as an "*ex parte*" submission, and cite no authority for doing so.

In this district, movants must seek concurrence in the relief requested before filing a motion with the Court. E.D. Mich. LR 7.1(a). If concurrence is obtained, the parties then may present a

stipulation stating their consent to the relief sought. If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought [] or . . . despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2). Defense counsel, filing the motion *ex parte*, apparently did not seek concurrence from counsel for the plaintiffs before the motion was filed. At least there is no indication in the motion papers that he did so.

The City and Mayor seek leave to file the brief in order to update the Court on the additional outreach attempts, restoration status site visits, and reports that the City has made since the filing its original response brief. These updates are said to be recited in an affidavit from City Administrator Clyde D. Edward, which the City and Mayor Neeley have attached as an exhibit to the proposed brief. But the proposed affidavit does not meaningfully advance the City's and Mayor Neeley's stated goal of bringing the Court "up to date" on the City's efforts to comply with the Settlement Agreement. *See Weisbord v. Michigan State Univ.*, 495 F. Supp. 1347, 1351 (W.D. Mich. 1980). The affidavit by its terms is not based on Administrator Edward's personal knowledge; instead, Edwards purports to rely on the hearsay statements of others. *See* Fed. R. Evid. 602; Fed. R. Evid. 801. If the City wants to offer admissible evidence in opposition to the plaintiffs' motion for contempt, it should be prepared to make that presentation at the scheduled hearing.

- 3 -

Accordingly, it is **ORDERED** that the *ex parte* motion by the City of Flint and non-party Mayor Sheldon Neeley for leave to file a supplemental response brief (ECF No. 265) is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   June 23, 2023