**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Concerned Pastors for Social Action, et al.,  　　　　Case No. 16-10277
　　Plaintiffs,　　　　　　　　　　　　　　　　　　　Hon. David M. Lawson

v.

Nick A. Khouri, et al.,
　　Defendants.
_____/

**CITY OF FLINT'S AND NON-PARTY MAYOR SHELDON NEELEY'S POST-HEARING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT**

i

## Table of Contents

Table of Authorities ................................................................................................... iii
I.    Introduction ........................................................................................................ 1
II.   Argument ............................................................................................................ 2
    A.    Standard of Review.................................................................................... 2
    B.    There Is No Remaining Dispute that The City Has Completed Required Outreach at All Homes on the 2022 Replacement Eligible Homes List ....................... 2
    C.    The City Has Completed Restoration Status Site Visits For All Addresses on the 2022 Replacement Eligible Homes List ................................................................ 3
    D.    The City Has Made Significant Progress on All Court-Ordered Requirements .. 5
III.  Conclusion........................................................................................................... 6

ii

## **TABLE OF AUTHORITIES**

**Cases**

*Gascho v Global Fitness Holdings, LLC*, 875 F3d 795, 799 (6th Cir. 2017) ...................... 2

*Hopper v Phil Plummer*, 887 F.3d 744, 752-53 (6th Cir. 2018) ........................................ 2

### I.  INTRODUCTION

Plaintiffs have filed a Motion for Contempt seeking to hold the City of Flint (the "City") and non-party Mayor Sheldon Neeley (in his official capacity) (the "Mayor") in contempt of court for alleged violations of this Court's previously issued order (the "Contempt Motion"). A hearing was held on Plaintiffs' Motion on June 30, 2023. At the close of that hearing, this Court requested the filing of post-hearing briefs.

In their Contempt Motion and at the subsequent hearing, Plaintiffs contended that the City was not compliant with this Court's order in three ways – it failed to (1) determine which City homes have remaining property restoration work; (2) provide accurate and complete restoration reporting, and (3) complete mail and in-person outreach to residents to attempt to obtain their permission to conduct service line excavations (and where appropriate, replacement).

As a result, Plaintiffs argue that the City and its non-party Mayor should be held in contempt of court and that the original Settlement Agreement in this matter should be judicially amended to allow them to recover litigation costs.

However, the three areas of non-compliance alleged by Plaintiffs have been fully cured. Specifically, as will be outlined in greater detail below, (1) all restoration site visits have been completed and the full scope of required restoration is now known, (2) full and complete restoration reporting has been provided by the City to Plaintiffs, and (3) all required outreach is complete.

Therefore, the City and the Mayor respectfully renew their request that this Court deny the Plaintiffs' Motion for Contempt in its entirety.

## II. ARGUMENT

### A. STANDARD OF REVIEW

"While a criminal contempt sanction is punitive and seeks 'to vindicate the authority of the court,' <u>a civil contempt sanction is remedial and designed to coerce a future act</u> for the benefit of the complainant." *Hopper v Phil Plummer*, 887 F.3d 744, 752-53 (6th Cir. 2018) (internal citations omitted, emphasis added).

"Contempt is serious . . . [t]o reflect its seriousness, courts must exercise the contempt sanction <u>with caution and use '[t]he least possible power adequate to the end proposed</u> . . . Contempt is a measure of last resort, not first resort.'" *Gascho v Global Fitness Holdings, LLC*, 875 F3d 795, 799 (6th Cir. 2017) (internal citations omitted, emphasis added).

### B. THERE IS NO REMAINING DISPUTE THAT THE CITY HAS COMPLETED REQUIRED OUTREACH AT ALL HOMES ON THE 2022 REPLACEMENT ELIGIBLE HOMES LIST

When Plaintiffs filed their Motion for Contempt, they asserted that the City had failed to complete outreach at all homes on the 2022 Replacement Eligible Homes List, consisting of 31,578 addresses (the "2022 List").

In their Motion, Plaintiffs provided documentary evidence alleging incomplete/missing outreach at 16 total addresses. After filing their Motion, Plaintiffs provided the City with an additional list of 308 addresses for which outreach was alleged to be missing or incomplete. Of those 308 addresses, 11 were duplicates from the original list of 16 addresses. Therefore, there were a total of 313 unique addresses that were alleged to be missing some form of outreach – 0.9912% of the 2022 List.

The City promptly conducted the alleged missing outreach at those 313 addresses and shared compliant reporting with Plaintiffs by June 22, 2023, more than one week

before the hearing on the instant Motion. *See* Notice and Stipulation Regarding Plaintiffs Motion for Contempt, ECF No. 269. As of the filing of this brief, Plaintiffs have not identified any shortcomings in that reporting or any additional newly identified addresses requiring outreach.

Thus, there is no remaining dispute that all required outreach has been completed.

### C.   THE CITY HAS COMPLETED RESTORATION STATUS SITE VISITS FOR ALL ADDRESSES ON THE 2022 REPLACEMENT ELIGIBLE HOMES LIST

Plaintiffs also asserted in their Motion for Contempt that the City had not yet completed restoration status site visits for all addresses on the 2022 List. In their Reply Brief in support of the instant motion, they produced, for the first time, the affidavit of expert Noah Attal identifying 704 addresses at which they alleged an excavation had occurred, but for which no restoration reporting had been supplied (the "Attal Affidavit").

To put this in context, as of the date of hearing on Plaintiffs' Motion, the City had completed 26,679 in-person visual inspections of addresses where a service line excavation had been performed, but did not have a contemporaneous record of restoration, at a cost of approximately $1.5 million. *See* Defendants' Exhibits 1-1, 1-2, 1-3 and 4-1. Also, *see* Tr. 85:25 – 86:4.

Mr. Jeff Markstrom testified at the hearing on this Motion that Rowe Engineering (the project manager for the City with respect to this project) ("Rowe") had not had an opportunity to review the full list of 704 addresses identified in the Attal Affidavit, but that in the sample he had selected he had noticed some discrepancies and other concerns. *See* Tr. 87:5 – 88:11.

Subsequent to the hearing, the City (through Rowe) performed a detailed and complete analysis of the 704 addresses in the Attal Affidavit. **Exhibit A – Affidavit of Jeff Markstrom**, paragraph 9. Of the 704 addresses:

- 102 already had completed visual inspections – the majority of these were due to (1) the property being part of a duplex, (2) a misspelling in the street name, or (3) an improper address type (i.e., DR instead of CT, no "E" designation, etc.);
- 582 still required visual inspections; and
- 20 were invalid addresses or vacant parcels. *Id.* at paragraph 10.

With respect to the 582 addresses still requiring visual inspection, the City performed compliant visual inspections at those addresses, which were completed by July 7, 2023. *Id.* at paragraph 11. As of the filing of this brief, Plaintiffs have not identified any shortcomings in that reporting or any additional newly identified addresses requiring visual inspection.

Thus, while the City has acknowledged on numerous occasions that it has been, and remains, firmly committed to restoring <u>all</u> parcels in the City disturbed by service line excavations, the 582 addresses at which the City did not originally complete visual inspections represents 2.1349% of the total. This is hardly the failure and neglect that Plaintiffs seek to portray.

**D.   THE CITY HAS MADE SIGNIFICANT PROGRESS ON ALL COURT-ORDERED REQUIREMENTS**

Plaintiffs continue their allegations that the City is somehow not "engaging in 'all reasonable efforts'" to comply with the Court's previously issued orders. However, over the course of this project, the City has:

- Completed all required outreach activities to 31,578 addresses within the City of Flint; and

- Secured an inventory of materials that is anticipated to be sufficient to complete all service line excavations and replacements; and

- Performed service line excavations at 28,328 addresses (including 872 in the current phase); and

- Replaced service lines at 10,415 of those addresses (including 270 in the current phase); and

- Performed in-person visual site inspections at 27,261 addresses to confirm restoration status, at a cost in excess of $1.5 million; and

- Completed 1,310 soft surface restorations (in the current phase); and

- Repaired 192 asphalt locations (in the current phase); and

- Conducted 181 concrete restorations (in the current phase),

all at a total cost of $94,029,779, so far.

Throughout all of these activities, the City has taken the Plaintiffs' concerns seriously and met with them on multiple occasions just this year[1].

---

[1] February 16, 2023; March 17, 2023; April 24, 2023; May 12, 2023 and May 18, 2023.

As of July 19, 2023, there were only **19** service line excavations left to complete pursuant to the terms of the Settlement Agreement and the subsequent orders. **Exhibit A**, paragraph 12. Those 19 excavations have already been scheduled with residents/occupants and are set for completion by July 28, 2023, weather permitting. *Id.* at paragraph 13. Thus, the City fully anticipates meeting the August 1, 2023 service line excavation deadline.

All of these efforts show that, contrary to Plaintiffs' assertions, the City has not been "sitting back and doing nothing." The opposite is true – the City has been actively, intentionally and diligently moving forward with the task at hand. The City remains fully committed to excavation and, if appropriate, replacement of lead or galvanized steel service lines at every eligible and cooperative address in the City, along with subsequent restoration of the affected property.

### III.     CONCLUSION

Given the progress by the City noted above, a finding of contempt would not be proper or appropriate in this situation. The substantive acts that Plaintiffs were seeking to have the City complete have, in fact, been completed. There are no "future acts" left for the City to perform that a finding of contempt would coerce. Thus, the relief sought by Plaintiffs is now fully moot.

Wherefore, for the reasons stated, the City Defendants respectfully request that this Court deny Plaintiffs' motion in its entirety.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 21, 2023 | /s/ Joseph N. Kuptz<br>Joseph N. Kuptz (P-68623)<br>City of Flint Law Department<br>1101 S. Saginaw St., 3rd Floor<br>Flint, MI 48502<br>jkuptz@cityofflint.com<br>P-68623 |

### CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing pleadings using the ECF system which will send notification of such filing to the counsels of record.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 21, 2023 | /s/ Joseph N. Kuptz<br>Joseph N. Kuptz (P-68623)<br>City of Flint Law Department<br>1101 S. Saginaw St., 3rd Floor<br>Flint, MI 48502<br>jkuptz@cityofflint.com<br>P-68623 |