# Exhibit A

Supplemental Declaration of Adeline S. Rolnick

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CONCERNED PASTORS FOR SOCIAL
ACTION, et al.,

                Plaintiffs,

v.

NICK A. KHOURI, et al.,

                Defendants.

_____/

Case No. 16-10277

Hon. David M. Lawson

**SUPPLEMENTAL DECLARATION OF ADELINE S. ROLNICK**

I, Adeline S. Rolnick, declare as follows:

1.      I am counsel for Plaintiffs Natural Resources Defense Council (NRDC), Concerned Pastors for Social Action, and Melissa Mays in this action. I am a member in good standing of the bars of the State of New York and the District of Columbia. I am admitted to practice in the Eastern District of Michigan. This declaration describes the supplemental evidence Plaintiffs move for leave to file in support of their Motion for Contempt.

2.      On August 8, September 7, and September 27, 2023, I attended meetings by videoconference attended by Plaintiffs' counsel, the City's counsel, and City representatives. All three meetings concerned whether the City completed all service line excavations and replacements required by the Settlement

1

Agreement and the Court's February 24, 2023 Order, ECF No. 258, by August 1, 2023, and the City's progress towards completing that work.

3. Attached as Exhibit 1 is a true and correct copy of an email sent by Joseph Kuptz, Assistant City Attorney, City of Flint, to Sarah Tallman, NRDC, et al., on November 1, 2023.

4. Attached as Exhibit 2 is a true and correct copy of a letter sent electronically by Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, et al., on August 7, 2023.

5. Attached as Exhibit 3 is a true and correct copy of an email sent by Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, and William Kim, City Attorney, City of Flint, on August 23, 2023.

6. Attached as Exhibit 4 is a true and correct copy of a letter sent electronically by Adeline Rolnick, NRDC, to Joseph Kuptz, Assistant City Attorney, City of Flint, et al., on September 15, 2023.

7. Attached as Exhibit 5 is a true and correct copy of email correspondence, with addresses redacted, among Adeline Rolnick, NRDC, and Joseph Kuptz, Assistant City Attorney, City of Flint, et al., between October 20 and October 23, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C. on November 1, 2023.

/s/ Adeline S. Rolnick
Adeline S. Rolnick
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 513-6240
arolnick@nrdc.org

*Counsel for Plaintiffs Concerned Pastors for Social Action, Melissa Mays, and Natural Resources Defense Council, Inc.*

# Exhibit 1

| From: | Joseph Kuptz |
|---|---|
| To: | Tallman, Sarah; Rolnick, Addie; Calero, Melanie; Vandal, Nicole |
| Cc: | William Kim |
| Subject: | Concerned Pastors, et al v City of Flint, et al re: Review of SLE/SLR Addresses |
| Date: | Wednesday, November 1, 2023 11:05:19 AM |
| Attachments: | 2023.10.23 Pls" List of Homes Needing Excavation and or Replacement - Rowe Comments JNK.xlsx |

Sarah and Addie - with Rowe's assistance, I have finished a comprehensive review of the spreadsheet titled "2023.10.23 Pls' List of Homes Needing Excavation and or Replacement.xlsx."

There are a total of 184 addresses among the three tabs on that spreadsheet.

I attach "2023.10.23 Pls' List of Homes Needing Excavation and or Replacement - Rowe Comments JNK.xlsx." Rowe's comments are in column N. My comments are also in column N, but in all capital letters.

My analysis of each tab follows, with a summary at the bottom:

- **Excavation required Tab (106 addresses)**
  - 69 - City asserts complete under terms of SA, because:
    - 44 - all scheduling outreach complete
    - 5 - property demolished, burned, owned by LB, etc.
    - 2 - SLE/SLR currently scheduled
    - 6 - SLE/SLR previously completed
    - 12 - completed with non-SLE/SLR road project
  - 14 - still require full scheduling outreach
  - 23 - still require some scheduling outreach
- **Replacement required Tab (20 addresses)**
  - 12 - City asserts complete under terms of SA, because:
    - 1 - all scheduling outreach complete
    - 9 - property demolished, burned, owned by LB, etc.
    - 2 - SLE/SLR previously completed
  - 6 - still require full scheduling outreach
  - 2 - still require some scheduling outreach
- **Information missing Tab (58 addresses)**
  - 43 - City asserts complete under terms of SA, because:
    - 23 - all scheduling outreach complete
    - 16 - property demolished, burned, owned by LB, etc.
    - 1 - completed with non-SLE/SLR road project
    - 3 - SLE/SLR previously completed
  - 11 - still require full scheduling outreach
  - 4 - still require some scheduling outreach

- **Summary of all Tabs (184 addresses)**
  - **124 - City asserts complete under terms of SA, because**
    - **68 - all scheduling outreach complete**
    - **30 - property demolished, burned, owned by LB, etc.**
    - **2 - SLE/SLR currently scheduled**
    - **11 - SLE/SLR previously completed**
    - **13 - completed with non-SLE/SLR road project**
  - **31 - still require full scheduling outreach**
  - **29 - still require some scheduling outreach**

I would recommend that we set a working meeting for early next week between Plaintiffs and the City so that we can work through any addresses that the City believes are complete but Plaintiffs contend are not.

1

The City does not consent to Plaintiffs' submission of supplemental materials in support of their Motion for Contempt.

Finally, we are in receipt of the draft stipulation that you provided earlier today. I will review that and respond with any feedback.

Thank-you.


Joe

--
Joseph N. Kuptz, Assistant City Attorney
City of Flint, Department of Law
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
(810) 237-2085

# Exhibit 2

August 7, 2023

VIA EMAIL

Joseph Kuptz
William Kim
City of Flint Department of Law
1101 S. Saginaw Street, Third Floor
Flint, MI 48502
jkuptz@cityofflint.com
wkim@cityofflint.com

      Re:    Meet and Confer in *Concerned Pastors for Social Action v. Khouri*, No. 16-10277 (E.D. Mich.)

Dear Messrs. Kuptz and Kim:

Pursuant to Paragraph 128 of the Settlement Agreement ("Agreement"), Plaintiffs requested a meet and confer to discuss whether the City completed all required excavations and replacements by August 1 and a reasonable and practicable deadline for the City's remaining restoration work.

At the parties' upcoming meeting on August 8, 2023, please be prepared to discuss the following.

## I.    Excavations and Replacements

### A.    August 1 deadline

The City was required to complete all remaining excavations and replacements by August 1, 2023. ECF No. 258 at 13. Please confirm whether the City met the August 1 deadline, including whether the City has completed all required excavations and replacements at homes along major roads and at homes flagged by Michigan's State Historic Preservation Office (SHPO). If the City did not meet this deadline, please be prepared to explain the City's plans for completing the overdue excavation and replacement work as quickly as possible.

The City's reporting to date does not reflect that the City met this deadline. *See* July 26, 2023 Em. fr. A. Rolnick to J. Kuptz, et al. Based on the City's most recent reporting, Plaintiffs understand the City to have remaining excavation and/or replacement obligations to 315 addresses. These addresses are listed in the attached spreadsheet ("2023.08.07 Pls' List of Homes Needing Excavation and or Replacement.xlsx"). These homes fall into the following categories:

1. 181 homes, listed on tab 1 ("Excavation required"), require an excavation because the City reported that a resident consented to an excavation, but has not to date reported an excavation at that address.

1

- Column D ("consent source file") lists the reporting spreadsheet indicating that a resident consented to excavation.

2. 50 homes, listed on tab 2 ("Replacement required"), require replacement of a lead or galvanized service line. For these addresses, the City's reporting indicates that a lead or galvanized service line was found, but the City's reporting to date does not indicate that that service line was replaced.

   - Column D ("SLE/SLR Status Source") lists the reporting spreadsheet listing service line excavation and/or replacement data for each address. Columns E through I contain the reported information on service line composition, excavation date, replacement status, and replacement status date.

   - This tab also includes homes which the City listed as requiring replacement in the file titled "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List." These homes are labeled with a "yes" in Column J.

3. 84 homes, listed on tab 3 ("Information missing"), are addresses where the City reported an excavation, but where the City's reporting to date is missing information on service line composition and/or replacement status. Because of this, the City's reporting to date does not demonstrate (and Plaintiffs cannot verify) that the City has completed required replacements at these addresses.

   - Column D ("Status Source") lists the reporting spreadsheet containing service line excavation and/or replacement data for each address. Columns E through I contain the reported information on service line composition, excavation date, replacement status, and replacement status date.

At tomorrow's meeting, please explain the City's understanding of whether it has work remaining at these homes. In particular, please explain whether the City believes that it does not need to complete an excavation at any of these homes because the resident did not respond to the City's attempts to schedule and/or reschedule the excavation. If this is the case, the City must provide reporting showing that it completed the required outreach. ECF No. 237 ¶ 3.d; ECF No. 258 at 15-16.

### B.      Reporting required by August 15

Please explain the City's plans and timeline for providing the reporting required within 14 days of when the City determines that it has completed service line excavations and replacements. This reporting must demonstrate that the City has fulfilled its excavation and replacement obligations to every address on the 2022 Replacement Eligible Homes List. ECF No. 237 ¶ 3; ECF No. 258 at 15-16.

### C.      Ongoing excavation and replacement work

Plaintiffs understand, based on the City's statements to the press, that the City is continuing to accept consent forms and perform outreach to homes that declined excavation

and/or were nonresponsive to outreach. Please explain the City's plans for this continued outreach and excavation work.

## II.     Restoration

### A.     Visual inspection photos

On July 19, Plaintiffs requested sample photos of twenty inspected addresses to confirm the accuracy of the City's visual inspections, and the City shared these photos on July 30. *See* ECF No. 258 at 24; July 19, 2023 Em. fr. M. Calero to J. Kuptz; July 26, 2023 Em. fr. A. Rolnick to J. Kuptz; July 30, 2023 Em. fr. J. Kuptz to A. Rolnick. Plaintiffs have reviewed the photos and have follow-up questions about the City's determinations as to the restoration status of some of these addresses. At the parties' meeting, please be prepared to discuss the City's application of the visual inspection criteria to the following addresses: 2402 Miller Road, 506 Harriet Street, 2029 Aitken Avenue.

### B.     Outstanding visual inspection addresses

On August 1, Plaintiffs requested additional information from the City regarding certain addresses where the City has previously reported an excavation. *See* August 1, 2023 Em. fr. M. Calero to J. Kuptz. First, Plaintiffs shared that they had identified an additional address for which the City had reported an excavation, but had not reported a restoration status. Please confirm in writing the restoration status of this address as soon as possible.

In addition, Plaintiffs requested additional information about the 20 "residual" addresses identified by the City in its July 14 email. *See* July 14, 2023 Em. fr. J. Kuptz to R. Kuhl, et al. Plaintiffs are puzzled as to why the City reported excavations and/or replacements at these addresses if these addresses are currently vacant lots or do not exist. Moreover, Plaintiffs are concerned that these addresses may potentially correspond to another, unreported excavated address that may require restoration. Please explain why the City reported an excavation at these addresses.

### C.     Restoration reporting

Plaintiffs have follow-up questions regarding the City's July restoration reporting. *See* July 30, 2023 Em. fr. J. Kuptz to R. Kuhl, et al. First, please explain what the data in the "Restoration Complete" tab reflects. For example, does this tab reflect all addresses for which the City has a contemporaneous record of completed restoration? Do they include addresses where restoration was completed after a visual inspection?

Second, the call log documenting calls from residents or property owners regarding visual inspections is missing address information for several entries. This does not comply with the Court's February 2023 Order. ECF No. 258 at 25. In addition, the City must provide Plaintiffs with any emails it received during the reporting period from residents concerning the visual inspections. *Id*. Please provide these emails as soon as possible and ensure that, going forward, the address information for every call is logged.

**D.     Restoration deadline**

Once the City has finished determining the remaining scope of restoration work, it is required to propose a restoration deadline within seven days. ECF No. 258 at 16. It is critical that the parties negotiate a new restoration deadline as soon as possible to ensure the City's timely completion of outstanding restoration work. At the parties' upcoming meeting, Plaintiffs would like to discuss the following questions to inform their understanding of a reasonable and practicable deadline for the remaining restoration work.

1. When does the City propose to complete the remaining restoration work?
2. To confirm, at how many homes has the City fully completed restoration? How many homes still require restoration?
3. When did Lakeshore begin completing restoration at excavated homes?
4. How many field staff/crews are currently completing restoration?
5. How many field staff/crews are working on soft surface restoration? Hard-surface restoration?
6. How many addresses are the City and its contractors restoring per week?
7. When does the City anticipate pausing work due to seasonal conditions?
8. Does the City anticipate facing any supply chain issues related to materials used in property restoration?
9. Who is responsible for maintaining records of this work and producing reporting?
10. When does the City anticipate being finished with restoration of the homes it excavated in 2022 and 2023?
11. Is the City planning to use WIIN funding to cover the costs of this work? Does the City plan to seek a further extension of that funding through next year?
12. When do Lakeshore and Rowe's current contracts expire? Does the City have plans to extend these contracts?
13. Has Lakeshore requested approval of overtime to complete restoration work? What is the status of this request?

Sincerely,

_____

Adeline S. Rolnick

encl: 2023.08.07 Pls' List of Homes Needing Excavation and or Replacement.xlsx

cc (via email):     Sarah Tallman, stallman@nrdc.org; Melanie Calero, mcalero@nrdc.org,
                    Bonsitu Kitaba, bkitaba@aclumich.org; Richard Kuhl, kuhlr@michigan.gov;
                    Nate Gambill, gambilln@michigan.gov

Exhibit 3

| | |
|---|---|
| **From:** | Rolnick, Addie |
| **To:** | Joseph Kuptz; William Kim |
| **Cc:** | Kuhl, Richard (AG); Bonsitu Kitaba; Tallman, Sarah; Calero, Melanie; Vandal, Nicole; Wall, Michael |
| **Subject:** | Concerned Pastors v. Khouri |
| **Date:** | Wednesday, August 23, 2023 5:02:00 PM |
| **Attachments:** | 2023.08.23 Pls" List of Inactive Homes Requiring Excavation.xlsx |
| | 2023.08.23 Pls" List of Homes with Incomplete Reporting.xlsx |

Joe and Bill,

Following up on the parties' August 8 meeting, I am writing to provide notice that the City must conduct scheduling outreach, and complete excavations and/or replacements if that outreach is successful, at (1) homes that consented to excavation but do not have a current active water account, and (2) homes for which the City's reporting does not allow Plaintiffs to verify whether a required replacement was completed. These homes are listed in the attached files titled "2023.08.23 Pls.' List of Inactive Homes Requiring Excavation.xlsx" and "2023.08.23 Pls.' List of Homes with Incomplete Reporting.xlsx."

Please let me know if you have any questions. Plaintiffs are available to discuss these matters at the City's convenience.

***The City must complete excavations at eligible homes that have consented to excavation but do not have current active water accounts.*** Based on the City's latest reporting, Plaintiffs understand there to be 72 homes where the resident consented to an excavation but the City has declined to excavate because these homes do not have current active water accounts. These homes are listed in the attached file titled "2023.08.23 Pls' List of Inactive Homes Requiring Excavation.xlsx." **The City must complete an excavation and, if necessary, replacement at these homes, unless the City is unable to schedule or reschedule an excavation after completing the required outreach.** ECF No. 237 ¶ 4, ECF No. 258 at 15-16.

The Agreement, as modified, requires the City to complete specific scheduling outreach to any eligible home that consents to excavation. There is no exception to this requirement for homes that lack an active water account. ECF No. 237 ¶ 4. Once a home consents to excavation, the City may resolve its obligation to that home only if: (i) the City completes and documents an excavation and, if necessary, replacement; (ii) the resident declines an excavation after consenting; (iii) the City is unable to schedule an excavation after completing the post-consent scheduling outreach required by Paragraph 6 of the 2020 Stipulation, ECF No. 217; or (iv) the City is unable to complete a scheduled excavation despite completing the outreach required by the February 2023 Order, ECF No. 258. *See* ECF No. 237 ¶ 4, ECF No. 258 at 15-16. None of these categories permit the City to resolve its obligations to an address that has consented to excavation solely because the home does not have a current active water account.

There is also no practical obstacle to the City completing excavations and/or replacements at homes without current active water accounts. The City's reporting reflects that residents of these homes consented recently, indicating that these homes are currently occupied. While the City is required to complete the required flushing protocol following replacements, ECF No. 147-1 ¶ 34, there is no reason the City cannot temporarily turn on water service to a home where it completes a replacement to complete the flushing protocol and then turn off water service after that protocol has been completed.

**By no later than August 28, 2023, please confirm whether the City will conduct scheduling outreach, and complete excavations and/or replacements if that outreach is successful, at the homes listed in the attached file titled "2023.08.23 Pls.' List of Inactive Homes Requiring**

Excavation.xlsx."

***The City must complete the required scheduling outreach to homes for which the City's reporting is incomplete.*** Based on the City's latest reporting, Plaintiffs understand there to be 100 homes for which the City's reporting either (a) indicates that a lead or galvanized service line was found and not replaced, or (b) where the City reported an excavation, but where the City's reporting to date is missing information on service line composition and/or replacement status such that Plaintiffs cannot verify that the City has completed required replacements at these addresses. These homes are listed in the attached file titled "2023.08.23 Pls.' List of Homes with Incomplete Reporting.xlsx." The City has taken the position that it may resolve its obligations to these addresses by completing the in-person consent attempts required by Paragraph 15 of the 2019 Stipulation, ECF No. 208. However, because residents have already consented to—and the City has already completed— excavations at these addresses, **the City must, at a minimum, complete the scheduling outreach required by Paragraph 6 of the 2020 Stipulation, ECF No. 217.** Specifically, the City must complete at least three in-person scheduling attempts, one of which occurs after 5PM or on a weekend, leave a doorhanger, and call the resident. ECF No. 217 ¶ 6. Alternatively, the City may demonstrate that it has resolved its obligations to these addresses by providing reporting, based on its paper records or Cityworks, showing that the City completed required replacements at these addresses.

**By no later than August 28, 2023, please confirm whether the City will either complete the required scheduling outreach to the homes listed in the attached file titled "2023.08.23 Pls.' List of Homes with Incomplete Reporting.xlsx" or provide documentation of the service line composition and replacement status of these homes.**

Regards,

Addie

ADELINE ROLNICK
*Attorney*
NATURAL RESOURCES DEFENSE COUNCIL
1152 15TH STREET NW, SUITE 300
WASHINGTON, DC 20005
T 202.513.6240
AROLNICK@NRDC.ORG
PRONOUNS: SHE/HER
NRDC.ORG

2

Exhibit 4

September 15, 2023

VIA EMAIL

Joseph Kuptz
William Kim
City of Flint Department of Law
1101 S. Saginaw Street, Third Floor
Flint, MI 48502
jkuptz@cityofflint.com
wkim@cityofflint.com

City of Flint
ATTN: City Administrator Clyde Edwards
City Hall
1101 S. Saginaw Street, First Floor
Flint, MI 48502
cedwards@cityofflint.com

   Re: Notice of City of Flint's Noncompliance with Settlement Agreement in
     *Concerned Pastors for Social Action v. Khouri*, No. 16-10277 (E.D. Mich.)

Dear Messrs. Kuptz, Kim, and Edwards:

   On August 16, 2023, the City notified Plaintiffs of its determination that the City had completed all excavations and replacements required by the Settlement Agreement ("Agreement"), as modified. *See* Aug. 16, 2023 Em. fr. J. Kuptz to R. Kuhl, et al. Pursuant to Paragraph 128 of the Settlement Agreement ("Agreement") and Paragraph 3 of the 2022 Stipulation, ECF No. 237, Plaintiffs provide notice that Plaintiffs do not concur in the City's written statement that the City completed all excavations and replacements required by the Agreement.

   The Agreement required the City to complete all required excavations and replacements by August 1, 2023. ECF No. 258 at 13. Within 14 days of determining that it completed all excavations and replacements, the City was required to provide documentation supporting its determination. ECF No. 237 ¶ 3. As Plaintiffs have repeatedly notified the City over the last seven weeks, and as explained in more detail below, the City's reporting to date, including the reporting the City provided on August 16, 2023, does not reflect that the City completed all excavations and replacements required by the Agreement. *See* July 26, 2023 Em. fr. A. Rolnick to J. Kuptz; Aug. 7, 2023 Ltr. fr. A. Rolnick to J. Kuptz; Aug, 18. Em. fr. A. Rolnick to J. Kuptz; Aug 23 Em. fr. A. Rolnick to J. Kuptz; Sept. 13 Em. fr. A. Rolnick to J. Kuptz.

I.     **The City's reporting remains incomplete**

A.     **The City must provide required reporting on its scheduling outreach**

The City must complete an excavation and/or replacement at every eligible home that consented to excavation unless the City is unable to schedule an excavation after completing reasonable outreach efforts. *See* ECF No. 217 ¶¶ 2, 6; ECF No. 237 ¶ 3.d. These efforts must include, at a minimum, (1) three in-person outreach attempts, one of which occurs on a weekend or after 5 p.m.; (2) one telephone call; and (3) a doorhanger left at the address if the first in-person attempt is unsuccessful. ECF No. 217 ¶ 6. The City must provide reporting on these outreach efforts, including documentation confirming that the City left a doorhanger at and placed a phone call to each address. *Id.*

The City's reporting to date fails to document that the City made phone calls and left doorhangers as part of its scheduling outreach; that failure violates the Agreement. Aug. 18 Em. fr. A. Rolnick to J. Kuptz; ECF No. 217 ¶ 6. While the City recently provided, for the first time, a handwritten phone log documenting some scheduling phone calls, *see* Sept. 8, 2023 Em. fr. J. Kuptz to A. Rolnick, that log documents phone calls to only 21 addresses. Sept. 13 Em. fr. A. Rolnick to J. Kuptz. And the City has provided no documentation of leaving doorhangers at homes where the first in-person scheduling attempt was unsuccessful. Without any documentation by the City that it has completed the required scheduling outreach, Plaintiffs cannot agree with the City's assertion, inconsistent with the City's own documentation, that it has done so.

The scheduling outreach reporting the City has provided also shows that the City did not complete all required scheduling outreach. As explained in more detail below and documented in the attached spreadsheet titled "2023.09.15 Pls' List of Homes Needing Excavation and or Replacement.xlsx," the City has not completed required in-person scheduling attempts and or/phone calls at 126 homes where residents consented to excavation.

B.     **The City must complete scheduling outreach to homes that recently consented to excavation, but do not have current active water accounts**

Based on the City's latest reporting, Plaintiffs understand there to be 67 homes where the resident consented to an excavation but the City has declined to excavate because these homes do not have current active water accounts. The City must complete an excavation and, if necessary, replacement at these homes, unless the City is unable to schedule or reschedule an excavation after completing the required outreach. ECF No. 237 ¶ 4, ECF No. 258 at 15-16.

The Agreement, as modified, requires the City to complete scheduling outreach to any eligible home that consents to excavation. ECF No. 217 ¶ 6. Once a home consents to excavation, the City may resolve its obligation to that home only if: (i) the City completes and documents an excavation and, if necessary, a replacement; (ii) the resident declines an excavation after consenting; (iii) the City is unable to schedule an excavation after completing the post-consent scheduling outreach required by Paragraph 6 of the 2020 Stipulation, ECF No. 217; or (iv) the City is unable to complete a scheduled excavation despite completing the

2

outreach required by the February 2023 Order. *See* ECF No. 237 ¶ 4, ECF No. 258 at 15-16. None of these categories permit the City to resolve its obligations to an address that has consented to excavation solely because the home does not have a current active water account. ECF No. 237 ¶ 4.

The City has agreed to complete the required scheduling outreach to homes that consented to excavation but do not have a current active water account and to complete excavations and/or replacements at homes where this outreach is successful. *See* Sept. 8, 2023 Em. fr. A. Rolnick to J. Kuptz. The City has not yet provided any reporting of scheduling outreach to or excavations performed at these homes. Until the City provides this reporting, Plaintiffs will not be able to concur that the City has completed all required excavations and replacements.

### C.  The City must provide complete reporting on service line composition and replacement status

If the City completes an excavation and/or replacement at an eligible home, the City must provide reporting that documents that (a) the date of excavation; (b) the material(s) of the service line; (c) whether any portion of the service line was replaced; (d) if any portion of the service line was replaced, a description of which portion was replaced; and (e) the date of service line replacement, if applicable. ECF No. 208 ¶ 6.ii; ECF No. 237 ¶ 3(a). As Plaintiffs have repeatedly documented, the City's reporting includes a number of addresses where the City reported an excavation but did not report service line composition and/or replacement status; as a result, the City has not documented, and Plaintiffs cannot agree, that the City has completed required replacements at these addresses. July 26, 2023 Em. fr. A. Rolnick to J. Kuptz; Aug. 7, 2023 Ltr. fr. A. Rolnick to J. Kuptz; Aug 23 Em. fr. A. Rolnick to J. Kuptz. For other addresses, the City's reporting indicates that the City completed an excavation and located a lead or galvanized steel service line, but did not replace that line. *Id.*

The City's reporting to date remains incomplete. The City's most recent reporting contained undefined acronyms and abbreviations that did not shed light on whether the City completed required replacements. S*ee* Sept. 13 Em. fr. A. Rolnick to J. Kuptz. And for some of these addresses, the City now indicates that a replacement was completed prior to 2017, contradicting previous reporting that an excavation after 2017 identified a lead and/or galvanized steel service line. *Id.* The City has not explained why, if the City completed a replacement at these addresses before 2017, a more recent excavation identified an existing lead and/or galvanized steel service line.

The City must provide reporting sufficient to allow Plaintiffs to verify whether all required replacements was occurred. At a minimum, because residents have already consented to—and the City has already completed—excavations at these addresses, the City must complete and document the scheduling outreach required by Paragraph 6 of the 2020 Stipulation, ECF No. 217.

## II.     The City must complete additional work at and/or provide additional reporting for 217 homes

Based on the City's reporting to date, Plaintiffs understand the City to have remaining excavation and/or replacement obligations to 217 addresses. These addresses are listed in the attached spreadsheet ("2023.09.15 Pls' List of Homes Needing Excavation and or Replacement.xlsx"). Until the City provides reporting documenting that it has resolved its obligations to these homes, Plaintiffs are unable to concur that the City completed all required excavations and replacements.

These homes fall into the following categories:

1. 133 homes, listed on tab 1 ("Excavation required"), require an excavation because the City reported that a resident consented to an excavation, but has not to date reported an excavation at that address or reported that the City completed the full scheduling outreach required by the 2020 Stipulation. *See* ECF No. 217 ¶ 6.

    - Column D ("consent source file") lists the reporting spreadsheet indicating that a resident consented to excavation.

    - Column E ("City's Comment in "2023.07.25 Pls' List of Homes Req SLE SLR - Rowe Anal. V2.xlsx") and Column F ("City's comment in "2023.08.30 Consent Addresses - LGC Comments") include the additional notes the City shared about these addresses in the listed files.

    - Column G ("Plaintiffs' response") includes Plaintiffs' responses to and questions about the additional information provided by the City. For example, the City's comments for several addresses indicate that a resident responded to scheduling outreach, but that the City has not completed the excavation because the work requires a traffic permit or because there is an obstruction. The City must complete and report excavations at these homes.

    - Column H ("Additional scheduling outreach needed") lists the additional scheduling outreach the City must complete at each home.

2. 21 homes, listed on tab 2 ("Replacement required"), require replacement of a lead or galvanized service line. For these addresses, the City's reporting indicates that a lead or galvanized service line was found, but the City's reporting to date does not indicate that that service line was replaced.

    - Column D ("SLE/SLR Status Source") lists the reporting spreadsheet listing service line excavation and/or replacement data for each address. Columns E through I contain the reported information on service line composition, excavation date, replacement status, and replacement status date.

4

- This tab also includes homes which the City listed as requiring replacement in the file titled "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List." These homes are labeled with a "yes" in Column J.

- Column K ("City's Comment in "2023.07.25 Pls' List of Homes Req SLE SLR - Rowe Anal. V2.xlsx"), Column L ("City's comment in '2023.08.23 Pls' List of Homes with Incomplete Reporting UPDATED.xlsx,' column I"), and Column M ("City's comment in '2023.08.23 Pls' List of Homes with Incomplete Reporting UPDATED.xlsx,' column K) include the additional notes the City shared about these addresses in the listed files and columns.

- Column N ("Plaintiffs' response") includes Plaintiffs' responses to and questions about the additional information provided by the City.

- Column O ("Additional scheduling outreach needed") lists the additional scheduling outreach the City must complete at each home.

3. 60 homes, listed on tab 3 ("Information missing"), are addresses where the City reported an excavation, but where the City's reporting to date is missing information on service line composition and/or replacement status. Because of this, the City's reporting to date does not demonstrate (and Plaintiffs cannot verify) that the City has completed required replacements at these addresses.

- Column D ("Status Source") lists the reporting spreadsheet containing service line excavation and/or replacement data for each address. Columns E through I contain the reported information on service line composition, excavation date, replacement status, and replacement status date.

- Column J ("City's Comment in "2023.07.25 Pls' List of Homes Req SLE SLR - Rowe Anal. V2.xlsx") and Column K ("City's comment in '2023.08.30 Consent Addresses - LGC Comments,' Column H") include the additional notes the City shared about these addresses in the listed files and columns.

- Column L ("Plaintiffs' response") includes Plaintiffs' responses to and questions about the additional information provided by the City.

- Column M ("Additional scheduling outreach needed") lists the additional scheduling outreach the City must complete at each home.

************

In short, the City's reporting has not documented that it completed all required excavations and replacements. If the City has additional documentation demonstrating that it did meet its obligations to the homes identified above, please provide it promptly. Plaintiffs do not wish to engage in unnecessary enforcement motion practice, but we also cannot accept assertions of completion that are inconsistent with the records the City has itself provided.

Plaintiffs request a meet and confer with City officials, including the City Administrator and appropriate officials from the Department of Public Works and ROWE, to discuss these matters. We are available at the following times (all EST):

Tuesday, September 19: 10:00 am – 12:00 pm. 3:30 pm – 5:00 pm
Wednesday, September 20: 3:00 pm – 5:00 pm
Thursday, September 21: 3:30 pm – 5:00 pm
Friday, September 22: 2:30 pm – 5:00 pm
Wednesday, September 27: 11:00 am – 2:00 pm
Thursday, September 28: 3:00 pm – 5:00 pm

Sincerely,

Adeline S. Rolnick

encl: 2023.09.15 Pls' List of Homes Needing Excavation and or Replacement.xlsx

cc (via email):    Sarah Tallman, stallman@nrdc.org; Melanie Calero, mcalero@nrdc.org;
                   Michael Wall, mwall@nrdc.org; Bonsitu Kitaba, bkitaba@aclumich.org;
                   Richard Kuhl, kuhlr@michigan.gov; Nate Gambill, gambilln@michigan.gov

Exhibit 5

| From: | Rolnick, Addie |
|---|---|
| To: | Joseph Kuptz; William Kim (wkim@cityofflint.com) |
| Cc: | Calero, Melanie; Vandal, Nicole; Bonsitu Kitaba; Richard S. Kuhl (kuhlr@michigan.gov); Tallman, Sarah |
| Subject: | RE: Concerned Pastors - dispute re August 1 deadline |
| Date: | Monday, October 23, 2023 6:29:55 PM |
| Attachments: | 2023.10.23 Pls" List of Homes Needing Excavation and or Replacement.xlsx |

Joe,

Please see the attached spreadsheet titled "2023.10.23 Pls' List of Homes Needing Excavation and or Replacement." This spreadsheet documents Plaintiffs' current understanding of where the City has remaining excavation and replacement obligations, based on the reporting the City has provided to date.

These 184 homes fall into the following categories:

1. 106 homes, listed on tab 1 ("Excavation required"), require an excavation because the City reported that a resident consented to an excavation, but has not to date reported an excavation at that address or reported that the City completed the full scheduling outreach required by the 2020 Stipulation. *See* ECF No. 217 ¶ 6.

    0. Column D ("consent source file") lists the reporting spreadsheet indicating that a resident consented to excavation.

    1. Column E ("City's Comment in "2023.07.25 Pls' List of Homes Req SLE SLR - Rowe Anal. V2.xlsx"), Column F ("City's comment in "2023.08.30 Consent Addresses - LGC Comments"), and Column G (City's comment in "2023.09.15 Pls' List of Homes Needing Excavation and Replacement - Rowe Comments") include the additional notes the City shared about these addresses in the listed files.

    2. Column H ("Plaintiffs' response") includes Plaintiffs' responses to and questions about the additional information provided by the City.

    3. Column I ("Additional scheduling outreach needed") lists the additional scheduling outreach the City must complete at each home. If the City listed "no answer" in the "status update" column in the spreadsheet titled "2023.08.23 Pls' List of Inactive Homes Requiring Excavation – Update 9-27-23," Plaintiffs consider the City to have provided the required documentation of a scheduling phone call.

1. 20 homes, listed on tab 2 ("Replacement required"), require replacement of a lead or galvanized service line. For these addresses, the City's reporting indicates that a lead or galvanized service line was found, but the City's reporting to date does not indicate that that service line was replaced. Please note that Plaintiffs have added two addresses to this tab (▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮) because the City reported completing excavations at these addresses in September and identifying both the public and private side lines as lead or galvanized steel, but completing only a partial service line replacement. The City must replace the full service line at these homes.

    0. Column D ("SLE/SLR Status Source") lists the reporting spreadsheet listing service line excavation and/or replacement data for each address. Columns E through I contain the reported information on service line composition, excavation date, replacement status, and replacement status date.

    1. This tab also includes homes which the City listed as requiring replacement in the file titled "2022.01.05 Preliminary SLE-SLR Replacement Eligible Homes List." These homes are labeled with a "yes" in Column J.

    2. Column K ("City's Comment in "2023.07.25 Pls' List of Homes Req SLE SLR - Rowe Anal. V2.xlsx"), Column L ("City's comment in '2023.08.23 Pls' List of Homes with Incomplete Reporting UPDATED.xlsx,' column I"), and Column M ("City's comment in '2023.08.23

Pls' List of Homes with Incomplete Reporting UPDATED.xlsx,' column K) include the additional notes the City shared about these addresses in the listed files and columns.

3. Column N ("Plaintiffs' response") includes Plaintiffs' responses to and questions about the additional information provided by the City.

4. Column O ("Additional scheduling outreach needed") lists the additional scheduling outreach the City must complete at each home.

2. 58 homes, listed on tab 3 ("Information missing"), are addresses where the City reported an excavation, but where the City's reporting to date is missing information on service line composition and/or replacement status. Because of this, the City's reporting to date does not demonstrate (and Plaintiffs cannot verify) that the City has completed required replacements at these addresses.

0. Column D ("Status Source") lists the reporting spreadsheet containing service line excavation and/or replacement data for each address. Columns E through I contain the reported information on service line composition, excavation date, replacement status, and replacement status date.

1. Column J ("City's Comment in "2023.07.25 Pls' List of Homes Req SLE SLR - Rowe Anal. V2.xlsx") and Column K ("City's comment in '2023.08.30 Consent Addresses - LGC Comments,' Column H") include the additional notes the City shared about these addresses in the listed files and columns.

2. Column L ("Plaintiffs' response") includes Plaintiffs' responses to and questions about the additional information provided by the City.

3. Column M ("Additional scheduling outreach needed") lists the additional scheduling outreach the City must complete at each home.

Please also see the following responses to the information you provided this afternoon about the homes labeled "remove from list" in the file titled "2023.08.23 Pls' List of Inactive Homes Requiring Excavation – Update 9-27-23."

████████████████ - *cut & plugged 2-16-22*
- As discussed in our September 27 meeting, the City must provide information verifying that cut and plugged homes were demolished after the service lines were cut and capped and that water service has not been reinitiated to this homes.

████████████████ - *Condemned by our Building, Safety & Inspections dept.10/11/22.*
- Please provide information verifying that water service was not reinitiated to this home after it was condemned.

████████████ - *We do not have this in our Utility Billing System any longer and the only building close to that location is boarded up.*
- Is it the City's position that this home is vacant or abandoned? If so, please explain why the City reported this address as consenting to excavation in June 2023.

████████████ - *became active in August 2023- Our records indicate a 3/4" copper service was installed from main to house 6-23-55.*
- The date of replacement appears to be a typo. Please confirm the correct date of service line replacement.

In addition, the City indicated that ████████████████ was "completed by WTSC" in the file titled "2023.08.23 Pls' List of Inactive Homes Requiring Excavation – Update 9-27-23." Plaintiffs have been unable to locate a record of excavation and/or replacement at that address in the City's reporting to date. Please the required reporting on the service line excavation and replacement status of that address or direct to us to where it is documented in the City's previous reporting.

2

Regards,

Addie


ADELINE ROLNICK
*Attorney*

NATURAL RESOURCES DEFENSE COUNCIL
1152 15TH STREET NW, SUITE 300
WASHINGTON, DC 20005
T 202.513.6240
AROLNICK@NRDC.ORG
PRONOUNS: SHE/HER
NRDC.ORG

---

**From:** Tallman, Sarah <stallman@nrdc.org>
**Sent:** Friday, October 20, 2023 2:24 PM
**To:** Joseph Kuptz <jkuptz@cityofflint.com>; William Kim (wkim@cityofflint.com) <wkim@cityofflint.com>
**Cc:** Rolnick, Addie <ARolnick@nrdc.org>; Calero, Melanie <mcalero@nrdc.org>; Vandal, Nicole <nvandal@nrdc.org>; Bonsitu Kitaba <bkitaba@aclumich.org>; Richard S. Kuhl (kuhlr@michigan.gov) <kuhlr@michigan.gov>
**Subject:** RE: Concerned Pastors - dispute re August 1 deadline

Joe,

Plaintiffs will provide an updated spreadsheet on Monday reflecting our understanding of where the City has remaining excavation and replacement obligations based on the excavation data the City provided on October 18, as well as the specific scheduling outreach still required at each address.

As explained in Addie's September 29 and October 6 emails, as well as the Notice of Violation sent earlier today, Plaintiffs do not understand what the entries in the "status update" column in the file titled "2023.08.23 Pls' List of Inactive Homes Requiring Excavation - Update 9-27-23.xlsx" mean. Because the City has yet to answer Plaintiffs' basic clarifying questions about that spreadsheet, Plaintiffs have been unable to understand how the information in this spreadsheet may or may not indicate that the City has resolved its excavation and/or replacement obligations as to any of listed homes. I have listed our questions again here for your convenience:

1. What does the "status update" column reflect? For example, where the entry in that column reads "no answer," does that mean the resident did not answer a phone call or was not home at the time of an in-person scheduling attempt?
2. The City notes that several addresses were "completed by WTSC." Please provide complete documentation of the completed excavation and/or replacement at these addresses, including the required information on service line composition and replacement status.
3. What does "remove from the list" mean?

As for the file titled "2023.09.15 Pls' List of Homes Needing Excavation and or Replacement - Rowe Comments.xlsx," this included no new reporting for the vast majority of the homes Plaintiffs

3

identified. It included no new information on the "replacement required" and "information missing" tabs. The file did include some new reporting on in-person scheduling attempts at 14 of the 133 homes Plaintiffs listed on the "excavation required" tab. However, due to the City's ongoing failure to provide documentation of the required scheduling phone calls and doorhangers, this reporting does not show that the City completed all required scheduling outreach at any addresses. Indeed, the notes input by Rowe concede that additional scheduling outreach is required at at least 18 of the homes Plaintiffs identified.

Let me know if you have any questions about the above.

Regards,
Sarah

---

**From:** Joseph Kuptz <jkuptz@cityofflint.com>
**Sent:** Friday, October 20, 2023 12:26 PM
**To:** Tallman, Sarah <stallman@nrdc.org>
**Cc:** William Kim (wkim@cityofflint.com) <wkim@cityofflint.com>; Rolnick, Addie <ARolnick@nrdc.org>; Calero, Melanie <mcalero@nrdc.org>; Vandal, Nicole <nvandal@nrdc.org>; Bonsitu Kitaba <bkitaba@aclumich.org>; Richard S. Kuhl (kuhlr@michigan.gov) <kuhlr@michigan.gov>
**Subject:** Re: Concerned Pastors - dispute re August 1 deadline

Sarah - thank-you for your email. In response to the fourth paragraph, I would note that on September 27th, following our meeting, the City provided two spreadsheets to Plaintiffs:

- 2023.08.23 Pls' List of Inactive Homes Requiring Excavation - Update 9-27-23.xlsx; and
- 2023.09.15 Pls' List of Homes Needing Excavation and or Replacement - Rowe Comments.xlsx

It was the City's understanding that the annotations provided on both of those spreadsheets at least somewhat narrowed the total population of outstanding addresses needing consent outreach, scheduling outreach and/or SLE/SLR.

While I'm in the process of gathering additional information from the City's partners in response to your email, it may be helpful for the City to know which addresses on the "2023.09.15 Pls' List of Homes Needing Excavation and or Replacement - Rowe Comments.xlsx" spreadsheet Plaintiffs contend are still at issue.

Are Plaintiffs able to provide that?

Joe

On Fri, Oct 20, 2023 at 11:38 AM Tallman, Sarah <stallman@nrdc.org> wrote:

Joe and Bill,

The City has yet to respond to Addie's September 28 and October 6 emails or to the voicemails she left for Joe last Wednesday and Bill Tuesday. It is critical that the City provide the outstanding reporting it agreed to provide at the parties' September 27 meeting, as well as answers to the questions in Addie's September 28 email, as soon as possible.

Over two months have passed since the City's deadline to provide reporting showing compliance with the August 1 deadline. To conserve the parties' and the Court's resources, Plaintiffs have diligently attempted to anticipate and resolve issues with the City's noncompliant and incomplete reporting informally, without seeking further judicial relief or intervention. Even before the August 1 deadline, Plaintiffs sent the City a list of 335 addresses where the City's reporting had not yet shown completion of excavation obligations.

But, despite Plaintiffs' repeated emails, letters, and phone calls, as well as three meet and confers, the City has yet to provide required reporting on scheduling outreach and service line composition and replacement status for nearly 200 homes. And the City has conceded that it still has remaining excavation and replacement obligations to many homes—work that the City was required to finish by August 1. With winter weather approaching, the City must make every effort to complete this overdue work as quickly as possible. There is no excuse for the City's failure to complete the required excavation work this fall and provide reporting showing it has done so.

**Please share reporting showing that the City fulfilled its excavation and replacement obligations to the addresses on the file titled, "2023.09.15 Pls' List of Homes Needing Excavation and or Replacement.xlsx" for which the City's October 18 reporting did not show compliance by no later than Friday, October 27.** If the City does not cure this violation by October 27, Plaintiffs intend to seek the Court's involvement to resolve this dispute and ensure the City completes the remaining work without further delay.

If the City believes further discussion concerning the disputed addresses would be productive, Plaintiffs will make themselves available for another meet and confer next week.

In addition, **please confirm that the City will provide all requested information to EGLE in support of a WIIN funding extension request by next Friday (10/27).** Richard informed us that this is what the City told EGLE. The City must prioritize the WIIN extension so as not to leave millions of dollars in federal funding on the table.

Regards,

Sarah


SARAH TALLMAN

*Senior Attorney*

NATURAL RESOURCES DEFENSE COUNCIL
1152 15TH STREET NW, SUITE 300
WASHINGTON, DC 20005
T: (312) 651-7918
stallman@nrdc.org
PRONOUNS: SHE/HER

--
Joseph N. Kuptz, Assistant City Attorney
City of Flint, Department of Law
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
(810) 237-2085

6