**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Concerned Pastors for Social Action, et al.,   Case No. 16-10277

    Plaintiffs,   Hon. David M. Lawson

v.

Nick A. Khouri, et al.,

    Defendants.

_____/

### DEFENDANT CITY OF FLINT'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

NOW COMES the Defendant City of Flint and for its response to Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses states as follows:

Following the issuance on March 12, 2024 of the Order Granting in Part Plaintiff's Motion for Contempt, Plaintiffs filed the instant motion, seeking $51,393.50 in attorneys' fees (representing 178.9 hours), $5,728.25 in expert fees and $5,245.81 in travel costs and out of pocket expenses, for a total of $62,367.56.

However, for two main reasons this request should be significantly reduced. First, the attorneys' fees sought by Plaintiffs are not justified by the relief actually obtained by them on their motion for contempt. Second, the City made a reasonable request to Plaintiffs that the hearing on Plaintiffs' contempt motion be held remotely. This would have avoided all travel costs entirely. That request was denied by Plaintiffs and thus the costs incurred in travelling should not be reimbursable.

i

Wherefore, for the reasons stated herein and in the attached brief, the City of Flint respectfully requests that this Court significantly reduce the amount requested by Plaintiffs in their motion for attorneys' fees, costs, and expenses.

Respectfully submitted,

Dated: April 29, 2024

/s/ Joseph N. Kuptz
Joseph N. Kuptz (P-68623)
City of Flint Law Department
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
jkuptz@cityofflint.com
P-68623

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| Concerned Pastors for Social Action, et al., <br>    Plaintiffs, | Case No. 16-10277 <br> Hon. David M. Lawson |
| v. | |
| Nick A. Khouri, et al., <br>    Defendants. <br> _____/ | |

**BRIEF IN SUPPORT OF DEFENDANT CITY OF FLINT'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

## Table of Contents

Statement of the Issue Presented ................................................................................... v

Table of Authorities ........................................................................................................ vi

I.   Introduction ............................................................................................................ 1

II.  Standard of Review ................................................................................................ 2

III. Argument ................................................................................................................ 3

   A.  The Amount of Attorneys' Fees Sought by Plaintiffs is Not Reasonable Given the "Level of Success" Achieved From Their Motion for Contempt ............................. 3

   B.  The Amount Sought by Plaintiffs for Travel Expenses Could Have Been Avoided Entirely .............................................................................................................. 5

IV. Conclusion .............................................................................................................. 5

## **STATEMENT OF THE ISSUE PRESENTED**

1. What amount of attorneys' fees, costs and expenses should this Court award to Plaintiffs, following the issuance of the Order Granting in Part Plaintiffs' Motion for Contempt?

## **TABLE OF AUTHORITIES**

**Cases**

*Hensley v Eckherhart*, 461 U.S. 424, 433 (1983) ............................................................. 2

## I. INTRODUCTION

On May 26, 2023, Plaintiffs filed a Motion for Contempt seeking to hold the City of Flint (the "City") and non-party Mayor Sheldon Neeley (in his official capacity) (the "Mayor") in contempt of court for alleged violations of this Court's previously issued orders (the "Contempt Motion"). The Contempt Motion asserted only that the City had failed to (1) determine, by May 1, 2023, which City homes have remaining property restoration work; (2) provide timely, accurate, and complete monthly restoration reporting, and (3) conduct mail and in-person outreach to residents to attempt to obtain their consent to conduct service line excavations (and where appropriate, replacement).

The Contempt Motion sought from this Court a number of items of relief. Specifically, (1) to hold the City in contempt of court; (2) to hold the Mayor in contempt of court; (3) a prospective daily fine of $500.00 until the City cured the alleged failures cited above; and (4) an order allowing Plaintiffs to seek attorneys' fees and costs for <u>future</u> enforcement of the Settlement Agreement.

A hearing was held on the Contempt Motion on June 30, 2023. After the close of that hearing, Plaintiffs, the City and the Mayor filed their post-hearing briefs as ordered by the Court.

Subsequent to the filing of the post-hearing briefs, this Court entered an Order Directing Plaintiffs to Submit a Reply Brief, stating in part, "[t]he defendants state in their supplemental brief that they have now fully complied with their obligations required of them to date." ECF No. 275, PageID.13045. It further noted, "[b]ecause civil contempt is an enforcement remedy intended to coerce compliance, the Court believes that the defendants' response warrants a reply from the plaintiffs." *Id.*

By August 3, 2023, Plaintiffs admitted in their Post-Hearing Reply Brief that, "Plaintiffs do not presently contest the City of Flint's representation that it has finally, after the evidentiary hearing, completed the work that prompted Plaintiffs' contempt motion." ECF No. 276, Page ID.13049 (footnote 1 omitted).

On March 12, 2024, this Court entered an Order Granting in Part Plaintiffs' Motion for Contempt. Of the four items of relief requested by Plaintiffs, that Order granted only one – a finding that the City was in contempt of court. Notably, the Order denied the other three items of relief requested. However, the Order did allow Plaintiffs to recover their attorneys' fees, costs and expenses incurred in bringing the civil contempt motion, only.

Plaintiffs subsequently filed their Motion for Attorneys' Fees, Costs, and Expenses on April 8, 2024, seeking $51,393.50 for attorneys' fees (representing 178.9 hours)[1], $5,728.25 for expert fees[2] and $5,245.81 for travel and other out of pocket expenses.

## II.  STANDARD OF REVIEW

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v Eckherhart*, 461 U.S. 424, 433 (1983). The same court also went on to note "[t]he district court also should exclude from this initial fee calculation hours

---

[1] While the City contests the number of hours for attorneys' fees sought by Plaintiffs as not being reasonable given the circumstances, the City does not contest the hourly rates claimed by Plaintiffs for attorney and paralegal time. Those figures are reasonable given the experience and education of the various professionals.

[2] The City also does not contest the amount sought for expert fees.

that were not 'reasonably expended. Cases may be overstaffed . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id.* at 434.

The Court further went on to state:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? <u>Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?</u> *Id.* (emphasis added).

### III.     ARGUMENT

**A.   THE AMOUNT OF ATTORNEYS' FEES SOUGHT BY PLAINTIFFS IS NOT REASONABLE GIVEN THE "LEVEL OF SUCCESS" ACHIEVED FROM THEIR MOTION FOR CONTEMPT**

The relief actually obtained by Plaintiffs from their Motion for Contempt does not justify the attorneys' fees that they are seeking.

As noted earlier, the Contempt Motion filed by Plaintiffs asserted only that the City had failed to (1) determine, by May 1, 2023, which City homes have remaining property restoration work; (2) provide timely, accurate, and complete monthly restoration reporting, and (3) conduct mail and in-person outreach to residents to attempt to obtain their consent to conduct service line excavations (and where appropriate, replacement).

Plaintiffs sought four separate items of relief - (1) to hold the City in contempt of court; (2) to hold the Mayor in contempt of court; (3) a prospective daily fine of $500.00

until the City cured the alleged failures cited above; and (4) an order allowing Plaintiffs to seek attorneys' fees and costs for future enforcement of the Settlement Agreement.

Plaintiffs also admit that, by no later than August 3, 2023, the City had cured the violations alleged in their motion. If the purpose of a civil contempt motion is remedial, in that it is designed to coerce a future act, then the purpose of Plaintiffs' May 26, 2023 Contempt Motion had been fulfilled by that date.

Ultimately, of the four items of relief requested by Plaintiffs, only one was granted – the finding of civil contempt by the City.

The City certainly acknowledges that the three items complained of by Plaintiffs in their Motion for Contempt were not completed by the dates originally set by court order. However, the City also points out that work on those items continued, and by August 3, 2023, those items had been completed and the information shared with Plaintiffs, which acknowledged completion.

The City also acknowledges that the hours claimed by Plaintiffs – 178.9 – is a reduction of 574.8 hours from the total hours that Plaintiffs have indicated that they worked on this matter. However, even the 178.9 hours claimed is not justified by the results actually obtained by Plaintiffs.

The City would respectfully request a reduction in the award of attorneys' fees awarded to Plaintiffs, commensurate with the results achieved. Doing so would allow the City to allocate those limited resources to completing service line excavations, replacements and restorations.

**B.    THE AMOUNT SOUGHT BY PLAINTIFFS FOR TRAVEL EXPENSES COULD HAVE BEEN AVOIDED ENTIRELY**

Plaintiffs seek approximately $3,456.85 for travel costs related to the June 30, 2023 hearing on the motion for contempt. However, on June 16, 2023, counsel for the City attempted to obtain Plaintiffs' concurrence in making a request to this Court to hold the hearing virtually. **Exhibit A**. As counsel for the City noted in that email "this will substantially reduce those costs of [eventually] allowed by the Court." *Id.*

That request was denied by counsel for Plaintiffs, and as a result, the travel costs were incurred.

Had Plaintiffs concurred in this reasonable request, those costs could have been avoided entirely, and thus should not be reimbursable to Plaintiffs.

## IV.    CONCLUSION

Wherefore, for the reasons stated, the City of Flint respectfully requests that this Court deny Plaintiffs' motion for attorneys' fees, costs and expenses.

Respectfully submitted,

Dated: April 29, 2024

/s/ Joseph N. Kuptz
Joseph N. Kuptz (P-68623)
City of Flint Law Department
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
jkuptz@cityofflint.com
P-68623

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I electronically filed the foregoing pleadings using the ECF system which will send notification of such filing to the counsels of record.

                                                    Respectfully submitted,

Dated: April 29, 2024                               /s/ Joseph N. Kuptz
                                                    Joseph N. Kuptz (P-68623)
                                                    City of Flint Law Department
                                                    1101 S. Saginaw St., 3rd Floor
                                                    Flint, MI 48502
                                                    jkuptz@cityofflint.com
                                                    P-68623